### EDWARDS v. THE STATE.

CANDLER, J. So far as the record shows, there was an entire failure to prove the venue of the crime with which the accused stood charged; and for this reason the judge of the superior court should have sustained the certiorari.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*

Argued June 19,—Decided July 17, 1905. Rehearing denied August 4, 1905.

Accusation of larceny. Before Judge Spence. Worth superior court. April 25, 1905.

*Payton & Hay*, for plaintiff in error.
*W. E. Wooten*, solicitor-general, and *J. H. Tipton*, contra.

#### ON MOTION FOR REHEARING.

CANDLER, J. A motion for rehearing was made by the solicitor-general of the Albany circuit and the solicitor of the city court of Sylvester, the ground of the motion being, in effect, that this court had reached an erroneous conclusion in holding that the venue of the crime charged was not proved, inasmuch as it appeared from exceptions which were filed to the answer of the trial judge, and which were sustained and adopted as a part of the answer, that there was evidence that the goods alleged to have been stolen were taken from a wagon belonging to the prosecutor while he and the accused were journeying together

from Albany, in Dougherty county, to the home of the prosecutor, in Worth county; that the accused also lived in Worth county, near the prosecutor; and that the goods were shortly afterwards found in a trunk in the home of the accused.    Of course, if this had appeared in the record before us, it could never have been held that the venue was not shown; for whether the theft took place in Worth county or in Dougherty, if the goods were afterwards taken into Worth county the accused was subject to trial in the latter county.    In the record sent to this court, however, there was no suggestion of any exceptions to the answer of .the trial judge; the answer incorporated in the record, which practically adopted the allegations of the petition for certiorari, merely showing that the goods stolen were taken from the wagon on the road from Albany to the home of the prosecutor, and that they were afterwards found in the house of the accused, without indicating in any way that either the accused or the prosecutor lived in Worth county. When the case was argued in this court it was not suggested that the transcript sent up did not contain all the record, nor was our attention called to anything which would indicate that we did not have the entire record before us.    As a matter of course, we decided the case on the record as it stood.    After the filing of the motion to rehear, the attention of the solicitor having been called to the fact that the exceptions to the answer of the judge of the city court did not appear in the record, he caused to be sent to this court, under the seal of the clerk of the superior court of Worth county a paper purporting to be a copy of such exceptions, together with a certificate by the clerk that it was inadvertently omitted from the original transcript sent to this court. This paper completely makes out the case against the accused. An insurmountable obstacle to its consideration, however, is that it has never in any proper or regular way been made a part of the record.    It is the duty of counsel to see to it that all material parts of the record are sent to this court in the first instance.    If this is not done, they may at any time before the argument of the case suggest a diminution of the record, and have the omitted portions sent up.    After judgment, however, it is too late to ask that the case be reopened for the purpose of considering matters which should have been brought to the attention of this court long ago.    The motion to rehear is accordingly denied.