## 1479.  PETERSON *v.* THE STATE.

1. The evidence, though weak, is sufficient to authorize the verdict of guilty.
(*a*) In prosecutions for larceny it is essential that the article stolen be proved to be of some value; but proof of the price at which an article was purchased is a circumstance from which value may be inferred.
(*b*) In a trial for burglary the venue of the offense is satisfactorily proved and the jurisdiction of the court is shown if the evidence establishes that the house burglarized is within the jurisdiction of the court.  The evidentiary value of testimony showing the defendant to have been in recent possession of stolen goods after the burglary is not affected by the fact that such recent possession appears to have been at a place beyond the jurisdiction of the court; for the venue of the crime itself is not determined by the locality where the guilty possession is shown.
(*c*) Proof of the possession of goods by one whose right of possession is unquestioned will suffice to support an allegation of ownership laid in such person.
2. It is within the discretion of the trial judge to permit leading questions to be propounded to a witness on the direct examination, or he may sustain objections thereto, as the ends of justice and the ascertainment of the truth seem to require; and this discretion will not be controlled, unless it be made to appear that injury resulted to the party complaining.
3. The errors assigned are insufficient to authorize the grant of a new trial, though the language employed in the charge of which complaint is made is not approved as a full and satisfactory statement upon the subject of which the instruction proposes to treat.  The idea intended to be conveyed by the court must have been perfectly plain to a jury of ordinary intelligence; and, therefore, the error of omission is harmless.

RUSSELL, J., dissenting.  To instruct the jury, after defining the offense of burglary (and without more), that "if there has been such force and such an entrance in this case, you would be authorized to convict the defendant; if not, you ought to acquit him," is an error so calculated to mislead the jury as to require the grant of a new trial; and' even though the court later instructed the jury that "the recent possession of stolen goods, not satisfactorily accounted for, may be a circumstance from which it might be inferred that the party in possession was the party who committed the burglary," this instruction, in my opinion, rather tended to aggravate the error; because, unless the defendant broke and entered the house, such an instruction would only be applicable to a charge of receiving stolen goods.

Indictment for burglary, from Floyd superior court—Judge Wright.  October 1, 1908.

Argued November 23, 1908.—Decided July 31, 1909.

*Henry Walker,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

RUSSELL, J.  Upon his conviction of the offense of burglary the plaintiff in error moved for a new trial; and the writ of error com-

plains of the judgment overruling that motion. In addition to the grounds that the verdict was contrary to law and contrary to the evidence, error is assigned upon the fact that the court permitted the counsel for the State to ask, and a witness for the State to answer, a leading question. Exception is also taken to the following instruction in the charge of the court: "Burglary is the unlawful breaking into and entering the dwelling-house of another with the intent to commit a larceny therein. To constitute the offense there must be a breaking. The opening of a door, the raising of a window, the use of any force to perfect an entrance, without the use of which such entrance can not be effected, would constitute such breaking. If there has been such force and such an entrance in this case, you would be authorized to convict the defendant; if not, you ought to acquit him."

1. The evidence shows, that the house of one Bradley was broken into while he and his family were at church. That a window was prized open and the house entered, and the gun in question carried away, was not disputed. The defendant insists that the case on the part of the State failed because he was not identified as the burglar, and for the further reason that the value of the gun was not proved. An inspection of the brief of evidence does not sustain these contentions. The prosecutor testified that he paid $12.50 for the gun. It is true that this may or may not be evidence of its correct value, but, as we held in *Atlantic Coast Line R. Co.* v. *Harris*, 1 *Ga. App.* 667 (57 S. E. 1030), and again in *Ayers* v. *State*, 3 *Ga. App.* 305 (59 S. E. 924), the price at which an article is bought and sold may afford some evidence of value. It certainly would be a circumstance tending to show that the gun had value. As we held in the case of *Wright* v. *State*, 1 *Ga. App.* 158 (57 S. E. 1050), value must be proved in all cases of larceny, but it is equally well settled that, provided the articles alleged to have been stolen are shown to have a value, it is not necessary to prove that they are of the exact value alleged. Upon the question as to proof of the defendant's possession of the goods it is only necessary to quote from his statement. He said, "I bought this gun from a colored fellow," etc. There is also evidence that he confessed that he had not gone a half mile before he was sorry he took the gun, and that he wanted to settle the case, and not go to court.

In his brief, counsel for the plaintiff in error insists that there was failure on the part of the State to prove the venue; and the case of *Edwards* v. *State,* 123 *Ga.* 532 (51 S. E. 505), is cited in support of this contention. The *Edwards* case is not in point. There it was alleged that a larceny was committed in Worth county, and all that was proved upon the point of venue was that the theft was committed on the road between Albany in Doughterty county, and the home of the prosecutor and the accused, both of whom lived in Worth county. The offense charged was larceny, and, of course, it had to appear from the evidence whether the court of Dougherty or Worth county had jurisdiction. In the present case, while the evidence shows that the defendant, when found in possession of the gun, was near Aragon in Polk county, the evidence that the house which was burglarized was in Floyd county is equally clear and unequivocal. The burglary, if committed by the defendant, was clearly shown to have been committed in Floyd county; and while the recent possession of the goods on the part of the defendant might be a circumstance from which his guilt of the breaking could be inferred, it is wholly immaterial where that possession, if shown to be recent, was discovered. If the burglary had been committed in Rome and several articles taken from the house, and the defendant had been found a few hours later in possession of the stolen goods in Chattanooga, Tennessee, the circumstance of possession would have been just as weighty, and the jurisdiction of the Georgia court just as exclusive upon a prosecution for burglary as if the defendant had been found a few hours later in possession of the goods in a remote portion of Floyd county, whither he had gone more slowly on foot.

There is no merit in the contention of the plaintiff in error that the ownership of the property was not proved. It is true that the prosecutor did not swear in so many words that it was his gun, but he testified that it was in his bedroom, on the rack near the bed, and he testified that he paid $12.50 for it. It was in his possession; and possession, even if in a mere gratuitous bailee, will support an allegation of ownership. *Wimbish* v. *State,* 89 *Ga.* 294 (15 S. E. 325).

2. We do not see that the leading question which the court permitted to be asked, and which was answered by the witness, was the cause of any injury to the plaintiff in error. It is within the

discretion of the trial judge to permit leading questions to be propounded to the witnesses; and this discretion will not be controlled, unless manifestly abused, to the injury of the party who objected to the leading question. Certainly that a leading question was permitted by the court will not afford ground for a new trial, where no injury appears to have resulted.

3. According to the argument of the learned counsel for the plaintiff in error in his brief, the complaint with reference to the charge which we have quoted above intimated an opinion that the defendant was guilty. Counsel, in his brief, says: "The exception to the charge is well taken, because the last sentence imposes upon the defendant the burden of proving his innocence: 'If there has been such force and such an entrance in this case, you would be authorized to convict the defendant; if not, you ought to acquit him.'" The charge is in most respects a model of clearness and succinctness, and a majority of the court are of the opinion that the jury must have understood that they could not convict the defendant without proof that he broke and entered the house in question; consequently the error is not such as to demand the grant of a new trial. In my opinion the instruction was not only calculated to mislead the jury by reason of the fact that it was incorrect as to the measure of proof requisite to authorize the conviction of the defendant, but it practically eliminated his only defense, and left no alternative to the jury except to render a verdict of guilty. The defendant did not deny the fact that the burglary had been committed. He defended upon the ground that he was not the burglar and had no knowledge that a burglary had been committed. The instruction of the court virtually told the jury that the defense was worthless; if the burglary was committed the defendant was guilty. Other portions of the charge show that the judge was of the impression, no doubt, that he had instructed the jury that the connection of the defendant with the burglary must be shown; and later on in the charge he properly presented the rule with reference to recent possession of stolen goods; but, after having told the jury that if they believed the burglary was committed as alleged, they would be authorized to convict the defendant, the subsequent instruction (no reference being made by the judge to the error into which he had fallen) was of little value, for it had no effect at all. It was like saying to the jury: "If you believe a burglary has been

committed, here is the burglar; if you want any further corroboration, you can consider the recent possession of the stolen goods by the defendant." Whereas, the jury should have been told that while it is essential to prove the corpus delicti, the defendant could not be convicted even though a burglary had been committed, unless the evidence satisfied them beyond a reasonable doubt that he committed the burglary which had been shown and which was not denied. In my opinion, solely on account of the error pointed out in the third division of the opinion, a new trial should be had. The majority of the court, for the reason stated in the third headnote, do not deem the error of sufficient materiality to authorize a reversal; and consequently the judgment refusing a new trial must be

*Affirmed. Russell, J., dissents.*