## 7161. DUNN v. THE STATE.

1. In the trial of one charged with the unlawful sale of intoxicating liquor, proof that the accused received from an express company, within two years next preceding the indictment, between five hundred and a thousand gallons of whisky is admissible. This fact may be considered by the jury as a corroborative circumstance, enhancing the probative value of other evidence which may tend to show the defendant's guilt.

2. The testimony of one who, as agent of a carrier, actually knows that certain articles were delivered is not secondary evidence of the delivery. Such direct testimony is not inferior to the shipper's written records of the shipments, nor to the consignee's written receipts, so as to require these written memoranda of the shipments to be introduced as the highest and best evidence that the consignee actually received the articles shipped. Actual manual delivery of goods is a substantive fact which may be established by the testimony of any person who knows that the delivery was in fact made.

3. A defendant in a criminal case who, after the testimony of a witness for the prosecution has been concluded and the witness has retired from the witness stand, calls and examines the witness, is not entitled to open and conclude the argument, unless, for some reason addressed to the discretion of the court, he has been granted permission to ask further questions in order to complete the cross-examination of the witness.

4. An instruction that the jury "are the judges both of the law and facts in this case, the law you get from the court, the facts you gather from the evidence introduced upon the trial of the case, and of those facts you are the sole and exclusive judges," does not (when the jury are elsewhere in the charge correctly instructed as to the scope and effect of the defendant's statement at the trial) restrict the consideration of the jury to the sworn testimony in the case, or "eliminate the jury's right to believe any part or all of the defendant's statement in prefer-

ence to the sworn testimony." *Bragg* v. *State,* 15 *Ga. App.* 623 (4), 627-8 (84 S. E. 82).

5. The instruction to the jury as to the effect of testimony relating to the receiving of shipments of liquor is not subject to the exception that it was based on illegal testimony.

6. In charging the jury as to the defendant's statement at the trial, the better practice is to give in charge the language of the Penal Code. But an instruction that "there is no presumption of law, either one way or the other, as to whether it is true or false" is not subject to the exception that this language "practically eliminated from the jury the weight the defendant's statement is entitled to under the law."

7. The evidence authorized the verdict, and there was no error that required the grant of a new trial.

DECIDED MAY 18, 1916.

Indictment for sale of liquor; from Cobb superior court—Judge Patterson. November 16, 1915.

*Fred Morris,* for plaintiff in error.

*Herbert Clay, solicitor-general,* contra.

RUSSELL, C. J.   It is unnecessary to discuss the general grounds of the motion for a new trial, for two witnesses testified positively to purchasing whisky from the accused, within the jurisdiction of the court and at a time not barred by the statute of limitations.

1. The court permitted E. L. Robertson to testify that he was the agent of the Southern Express Company at Marietta, and that, while he could not say positively how much whisky the defendant had got in the last two years, he judged that it was "somewhere between five hundred or eight hundred and a thousand gallons;" that the defendant "would get from three and four to eight and ten gallons a week, most every week; . . he got that much approximately." Objection was made to this testimony, upon the ground that it was incompetent, immaterial, and irrelevant, and that there was better evidence, since the transactions testified about were matters of record; that the record was available, and that it was in the custody or control of the witness. We think the objection to the testimony was properly overruled. While the writer hardly thinks that the mere receipt of even unusually large quantities of intoxicating liquors prior to May 1, 1916, would authorize an inference so conclusive that the liquors were received for illegal purposes as that upon this one circumstance alone and without more proof one could be convicted of a violation of the prohibition law of 1907, still it is very plain that the receipt of intoxicating liquors in such unusual quantities as to

render it improbable that these liquors were intended for legitimate use is a circumstance to be considered by the jury, with other facts and circumstances in the case, in determining whether there is any other reasonable hypothesis than that of the defendant's guilt. Even in a case in which there is direct evidence of a sale, if the circumstances under which the sale is alleged to have taken place are improbable or primarily incredible, the fact that the accused has been in possession of quantities of intoxicating liquors so large as to render it improbable that they were intended for his own use may tend to corroborate testimony which otherwise would be of doubtful probative value.

The motion to exclude the testimony referred to above was, as has been stated, based upon the ground that there was higher and better evidence, as well as upon the ground that the testimony was incompetent, upon which we have just ruled. The witness Robertson, who was the agent of the express company, it is true, had testified that there was a record in his office of all of the deliveries of whisky made by him to the defendant, as well as a record of money orders which had been sold to the defendant by him as agent of the company. However, so far as the money orders are concerned, these did not operate to prove that any liquors were in fact delivered to the defendant in return for these orders. That there was in fact a delivery of whisky following the seller's receipt of the money order would be a mere matter of inference. As to the receipts given by the defendant as consignee of liquors actually shipped to him, and as to any other records kept by the agent of the express company, it could well have been insisted, as to the former, that the receipts were only prima facie evidence that the defendant had actually received the shipments therein referred to, and as to the latter that the defendant was not bound by entries upon the books of the company made by the company's agent, perhaps in the absence of the defendant and certainly without authority from him. It is therefore evident to us that the trial judge correctly ruled that proof of actual manual delivery of a shipment to a consignee by one who asserted that he saw the delivery made, or who himself made the delivery, was primary proof of delivery. The testimony of a witness who as agent of a carrier actually knows that certain articles were delivered is not such secondary evidence of the delivery as to render

7

such testimony inferior to written records of the shipments, or to the receipts given for the shipments by the consignee, and to require these written memoranda of the shipments to be introduced as proof that the consignee actually received the articles embraced in the shipments. Actual manual delivery of goods is a substantive fact which may be established by the testimony of any person who knows that the delivery was made. The receipt of a consignee in which he acknowledges that a certain shipment was delivered to him by a carrier, like other receipts, is only prima facie true, and is subject to contradiction by parol; and for this reason, among other things, a written receipt acknowledging delivery of a shipment by a carrier is not higher or better evidence of the fact of the delivery of the shipment to the consignee than oral proof that there was an actual manual delivery, coming from one who saw or made it. See *Pitts* v. *State,* 15 *Ga. App.* 436 (83 S. E. 673) ; *Hayes* v. *State,* ante, 68.

3. In the motion for a new trial it is complained that the accused was wrongfully deprived of the opening and conclusion of the argument. From an examination of the record it appears that his counsel and the presiding judge did not concur in their understanding of the reasons and purposes underlying the recalling and further examination of Mr. Robertson, a witness for the State; and the understanding of the judge must control. It appears, from the recital of facts, approved by the judge, that at the conclusion of the examination of this witness, and after he had left the stand and before he left the court-house, the defendant's counsel requested the witness, in the presence of the court, not to leave the court-room, and stated that he desired to cross-examine him further. However, it does not appear that the discretion of the court was invoked for permission to cross-examine the witness further. When ample opportunity to examine a witness has been allowed, and the examination has been concluded, a party desiring to cross-examine him further must obtain the court's permission to do so. For any reason which the judge in his discretion may adjudge to be sufficient,—such as that by oversight or lack of information some question material to a full cross-examination has been omitted,—a witness introduced by the opposite party may be recalled for further examination, and he still remains the witness of the party introducing him and who vouched

for his credibility; but, whether the case on trial be civil or criminal, a party can not of his own motion recall to the stand a witness who has been examined and cross-examined and whose examination has been concluded, without being truly said to have introduced testimony. And if a defendant in a criminal case introduces any testimony, he forfeits the right to the opening and conclusion of the argument, which is his where he does not introduce testimony or is content to rest upon his right to make a statement. As already stated, the defendant in a criminal case may under some circumstances recall to the stand a witness who has been introduced and has testified in behalf of the State, without forfeiting his right to conclude the argument; but to avoid a forfeiture of the right to conclude, he must distinctly inform the presiding judge as to the reason why he did not conclude his examination of the witness while the witness was on the stand. The court must have an opportunity of determining the validity of the reason given, and of ruling thereon. A request by counsel that a witness who has retired from the witness stand remain in the court-room for the purpose of further cross-examination, which is addressed merely to the witness instead of to the court, will not prevent forfeiture of the defendant's right to conclude the argument, should the defendant thereafter examine the witness without invoking the judgment of the court as to whether there is such reason for reintroducing the witness as that the witness can properly be treated as if he had remained upon the stand, in the relation he occupied when originally introduced as a witness for the State. Since it appears in the present case that the permission of the court to reintroduce the witness was not asked, and that the judge did not understand that his discretion was invoked, it is quite clear that there was no exercise of discretion on the part of the court, and, therefore, that when the defendant recalled Mr. Robertson and elicited from him the fact that his opinion that the packages delivered by him were whisky only was based upon the fact that the parcels were so labeled, the witness was called merely in the exercise of the defendant's right to introduce any competent witness he might see fit to introduce. It does not appear that the request by the defendant's counsel to Mr. Robertson that he remain in the court-room, because counsel wished to further cross-examine him, was heard by the presiding judge. It

could have been made in the judge's presence without being heard by him. But even if the judge heard the remark, he was not called upon to exercise his discretion as to the propriety of permitting a further cross-examination. The court was not asked to require the witness to remain, nor was any reason stated why counsel for the defendant should be permitted to further cross-examine the witness, other than that he wished to do so. The request of the defendant's counsel amounted to nothing more than a request on the part of one gentleman to another. The trial judge therefore correctly ruled that the defendant had introduced testimony, and that the State was entitled to open and conclude the argument in the case.

4. The ruling stated in the fourth headnote requires no elucidation.

5. It is alleged that the court erred in charging the jury as follows: "I have allowed evidence to go to you tending to show that the defendant had been ordering and receiving, about the time of the alleged offense, and shortly prior thereto, shipments of liquor. This is to be considered by you only as a circumstance illustrating the issue of the charge in this indictment of selling intoxicating liquor. The weight you will give this circumstance, if it is proven to your satisfaction, is a question for your determination. I charge you that he could not be convicted for that thing, and that you must be satisfied that he bartered and sold, for some valuable consideration, some quantity of intoxicating spirits in Cobb county within two years next preceding the return of this indictment, before he could be convicted. I further caution you that you should not allow any prejudice to arise in your minds against him on account of this evidence, but merely use it as a circumstance going to illustrate the issue raised by the charges in the indictment, and the defendant's denial." In our opinion this instruction should be commended for its fairness to the accused. In any event it is not subject to exception upon the ground set forth in the assignment of error, to wit, that the charge was based upon illegal testimony. For the reasons stated in the first division of this opinion, the testimony referred to was competent, and the instruction here quoted is in line with our ruling.

6. Beginning with the decision of this court in *Fields* v. *State,* 2 *Ga. App.* 41 (4) (58 S. E. 327), this court has consistently held,

following numerous prior rulings of the Supreme Court, that, in charging upon the defendant's statement at the trial, it is the better practice to use the language of the code (Penal Code of 1910, § 1036). The language of the statute conferring upon the defendant the right to make such statement as he may deem proper in his own defense is so plain in its provisions, and the weight to be attached to the statement is left so entirely with the jury, that an attempt to amplify the explanation of the meaning of the plain English words used in the code section is more apt to obscure than to elucidate the essence of an important right given to one accused of crime, which our lawmakers intended to be gravely taken into consideration by the jury.

7. The evidence amply authorized the conviction of the accused, and there was no error in overruling the motion for a new trial.

*Judgment affirmed.*