### 16147.   FADER *v.* THE STATE.

1. There is no merit in the grounds of the motion for a new trial which allege error in the exclusion or admission of evidence.
2. Where the evidence in a criminal case demands a verdict of guilty, the fact that the defendant was improperly deprived of the right to open and close the argument will not necessitate a new trial.
3. The evidence demanded the verdict, finding the accused guilty of possessing intoxicating liquor.

DECIDED MARCH 27, 1925.

Conviction of possession of liquor; from Glynn superior court—Judge Highsmith.   November 29, 1924.

*J. T. Colson,* for plaintiff in error.

*W. B. Gibbs, solicitor-general, Alvin V. Sellers,* contra.

BLOODWORTH, J.   We will elaborate the second headnote only. One of the grounds of the motion for a new trial is as follows: "Because, after both sides had closed, the court erred in allowing counsel for the State to make the opening and concluding arguments before the court and jury in said case, over the objection of movant, movant then and there having urged the following grounds of objection, to wit: that the only testimony offered by the defendant was by the court, on motion of counsel for the State, excluded from the consideration of the jury; that the defendant had introduced no testimony, but on the other hand had offered to introduce certain testimony which the court would not allow to go to the jury; that the defendant, having introduced no testimony, was therefore entitled to the opening and concluding argument before the court and jury; which objection the court then and there overruled." To this ground the trial judge attached the following note: "The defendant put in evidence the evidence set out in ground 4. At the conclusion of the testimony of the witness the State moved to exclude the evidence, and the motion was sustained." In *Haywood* v. *State,* 14 *Ga. App.* 114 (80 S. E. 213), this court held: "Where in a criminal case the accused introduces no testi-

mony, his counsel is entitled to open and conclude the argument to the jury. This rule is not varied by reason of his mere offer of testimony which is rejected by the court." Although in that decision the words "mere offer of testimony" were used, the original record in the office of the clerk of this court shows that the defendant introduced certain evidence which was, on motion of counsel for the State, excluded; so the rule in the *Haywood* case controls in this case, and the court erred in refusing to allow the attorney for the defendant to open and conclude the argument. Counsel for the State cites *Freeney* v. *State,* 129 *Ga.* 760 (4) (59 S. E. 788), and *Daniels* v. *State,* 8 *Ga. App.* 469 (4) (69 S. E. 588), as supporting the ruling of the court in this case; but in each of those cases the defendant, after introducing evidence, sought to withdraw it and thus gain the opening and conclusion. In the case we are now considering and in the *Haywood* case the evidence was ruled out by the court against the insistence of the defendant, and this accounts for the difference in the rulings. In *Sayden* v. *State,* 78 *Ga.* 106 (4), the Supreme Court said: "It is true that the making of a statement by the defendant, where he introduces no other evidence, entitles him to conclude the argument in the case, and that this is an important right, and its denial will generally cause a reversal of the decision of the lower court. *Chapman,* next friend, vs. *Atlanta and West Point Railroad,* 74 *Ga.* 547; *Phelps* v. *Thurman,* Id. 837. We hold that the presumption arising from the denial of the right is that the party thus deprived of it has been injured. These several rulings are now approved as perfectly correct, both as general propositions as applicable to the facts of the cases in which they were made; but the presumption in the one case, and the effect declared in the other, are not of such universal application as to admit neither of exception nor of qualification, when compared with other rules regulating the grant of a new trial, or when there are facts in the case absolutely inconsistent with the presumption arising ordinarily from withholding the conclusion. The presumption is not of such a conclusive nature and tendency as to work an estoppel; it is, at most, a disputable presumption, which may be overcome by proof, and here it was overthrown by the most convincing and irrefragable proof, viz. the admission of the defendant that he did open his tippling-house on Sunday and furnish, for a consideration of

money then paid, a bottle of liquor upon an occasion for an alleged cause which we have shown would neither justify nor excuse the act. We are of opinion that the verdict was demanded by the evidence, and that another hearing, if the law be regarded, would result in the same way; and where this is the case, as has been frequently held, the new trial will be refused."

The evidence in this case shows that the defendant had been living in a certain house for a year or two, and that while he was there sick in bed the officer found under this house a pipe some two inches in diameter, running up through a brick "pillow." "The lower end of the pipe was connected to a sixty-gallon barrel. The barrel was buried in the ground." The officers dug it out. "It contained nearly sixty gallons of 'moonshine' whisky. The upper end of the pipe stopped just under the dining-room floor, and was covered with a cap that screwed on and off. The dining-room floor was covered with a linoleum rug. Near the middle of the room and under the rug a small hole was cut through the floor just above the top of the pipe. There was a piece of wood that just fitted into the hole in the floor. By the use of a pump whisky could have been pumped up through the pipe from the barrel." A witness swore that after the officers had found the sixty-gallon barrel under the house, he went in the room where the defendant was and told him of the discovery, and the accused said: "Yes, it's full. You are going to have a hard time getting it out." This was not denied by the accused. In *Hagar* v. *State*, 71 *Ga.* 164, Chief Justice Jackson, after citing several cases, said (p. 168): "The above cases show a strong current of opinions against new trials where the verdict is right, though error may have been committed by the court."

As the evidence in this case demanded the verdict rendered, the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*