## 26425. Jefferson v. The State.

MacIntyre, J. 1. The evidence warranted the jury in concluding that the defendant shot the deceased six times with a pistol, in hot blood, engendered by the fact that without provocation the deceased had recently shot and seriously wounded the defendant's wife or "woman." The evidence supported the verdict of voluntary manslaughter, and the court did not err in overruling the general grounds of the motion for new trial.

2. Error is assigned because the court allowed a witness to state his opinion that the deceased "was killed and then shot after he was on the ground." The witness testified that he had been on the police force of Madison two years, and was "familiar with the shooting of a pistol and how long it takes to shoot;" that he went to the scene of the tragedy shortly after the homicide and saw the body lying "on the side of the walk, right up against the hedge," with a pistol with six empty shells in it under the body; and that he found in the body six bullet holes, four of them about an inch apart, and two with powder burns around them. The opinion of a non-expert witness may be received in evidence if he observed the matter in issue and can not adequately state or recite the data so fully and accurately as to put the jury completely in the witness's place and enable them to equally well draw the inference. *Pride* v. *State*, 133 *Ga.* 438, 440 (66 S. E. 259). See also Code, § 38-1708; *Central Railroad* v. *Senn*, 73 *Ga.* 705 (3); *Taylor* v. *State*, 135 *Ga.* 622 (6) (70 S. E. 237); *Nunn* v. *State*, 143 *Ga.* 451 (85 S. E. 346); *Spikes* v. *State*, 183 *Ga.* 279 (188 S. E. 454); *Stenger* v. *Weller*, 47 *Ga. App.* 863 (179 S. E. 827). We are of the opinion that the testimony of the witness brings the case within the rule of law stated, and that the jury "may not have been able to see and understand as clearly as the witness the matters sought to be shown." See *Stenger* v. *Weller*, supra. But even if the opinion of the witness were technically objectionable, its main bearing upon the case was to show hot blood; and this having been so abundantly indicated by the threat of the defendant, made shortly before the homicide, "to get that baby," the ferociousness of the attack following quickly upon the shooting of the defendant's wife by the deceased, and by other circumstances of the case, the evidence was not of sufficient materiality to cause a reversal of the judgment.

3. The judge did not abuse his discretion in allowing the solicitor-general to "lead" a witness introduced by him, who was the sister of the woman with whom the defendant was living. *Caswell* v. *State*, 5 *Ga. App.* 483 (3) (63 S. E. 566); *Peterson* v. *State*, 6 *Ga. App.* 491 (2) (65 S. E. 31); *O'dell* v. *State*, 120 *Ga.* 152 (3) (63 S. E. 311).

4. Counsel for the defendant having recalled a State's witness to the stand after the State had closed its case, the court did not err in ruling that the State had the opening and conclusion because the defendant had introduced evidence. *Dunn* v. *State*, 18 *Ga. App.* 95 (3) (89 S. E. 170).

5. "Evidence offered in a trial for murder to show the character of the deceased for violence, will, as to the party making the attack, be

confined to the reputation which the deceased bore in the community, and will not extend to specific acts." *Powell v. State,* 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277); *Ivey* v. *State,* 42 *Ga. App.* 357 (2) (156 S. E. 290). Under this rule the last special ground is not meritorious. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 9, 1937.

*A. F. Jenkins,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*