29573. ELLARD et al. v. THE STATE.

UNDERCOFLER, Presiding Justice.

Robert M. Ellard and James E. Whittier were convicted of rape and aggravated sodomy and sentenced

to serve two consecutive life sentences. They appeal to this court. *Held:*

1. The appellants contend that the trial court erred in admitting testimony over objection of a police lineup, because the testimony was of no probative value, served to distract the jury from the true issue at trial, served to interject a false issue, and caused belief that the appellants had denied their identities.

There is no merit in these contentions.

The defendants admitted their identity and evidence of identification by the victim at a lineup, if error, was harmless.

2. The appellants contend that the state did not prove the venue of the crimes.

The evidence shows that the victim, accompanied by police, located the site of the first rapes and aggravated sodomy. The victim testified that the site of the second attacks was only a short distance from the first attacks which all occurred during a six and a half hour period. Detective Mills testified that after visiting the location of the first site and comparing it with an official map the locations of both attack sites were in Fulton County.

" 'Evidence as to venue, though slight, is sufficient where there is no conflicting evidence.' *Baker v. State,* 55 Ga. App. 159 (189 SE 364); *Porter v. State,* 76 Ga. 658 (2), 660; *Johnson v. State,* 62 Ga. 299 (1); *Womble v. State,* 107 Ga. 666 (3) (33 SE 630)." *Climer v. State,* 204 Ga. 776, 781 (51 SE2d 802). There is no merit in this contention.

3. The appellants contend that the court erred in admitting testimony that the defendants had or might have committed similar but uncharged offenses in the past to those presently alleged and in allowing argument by counsel for the state thereon.

The evidence shows that the victim stated that one of the three men involved (one of whom has not yet been apprehended) stated that it "looks like we got a good one this time." On redirect examination she testified that one of them said, " 'we have a good one this time' which gave me the feeling at that time that I wasn't the first girl that they had taken on." Defense counsel objected to the conclusion of the witness and his objection was sustained but the first part of the answer was allowed in evidence.

Ellard, one of the appellants, also testified that he had on numerous occasions picked up girls but he could not remember who made the statement testified to by the victim. In his closing argument to the jury the district attorney did not state that the appellants had committed crimes but told the jury that they could draw whatever inferences they wished from the statement. We find no error.

4. The prosecuting attorney asked the appellant Whittier, "That is where most of the car thieves dump their cars, isn't it?" Counsel for the appellants objected to the question and the objection was sustained. The jury was told to disregard the question. No motion for a mistrial was made but the appellants contend that the trial court should also have rebuked counsel. There is no merit in this contention. Compare *Counts v. Moorehead,* 232 Ga. 220 (1) (206 SE2d 40).

5. No objections were made in the trial court to the opening statement of the prosecuting attorney or to his closing argument.

"A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Scott v. State,* 229 Ga. 541 (192 SE2d 367).

6. The appellants contend that the trial court erred in failing to give their requested charges to the jury. Defense counsel stated that he would not insist on the requests. Defense counsel now insists that the trial court erred in failing to give the requested charges.

The trial court fully charged the jury on all issues presented at the trial and it was not error to fail to give the requested charges in the exact language requested. *McClendon v. State,* 231 Ga. 47 (4) (199 SE2d 904).

7. The trial court charged the jury: "Count three of the indictment charges these defendants with the offense of aggravated sodomy. The law of Georgia says that a person commits aggravated sodomy when he commits sodomy with force and against the will of the other person. Sodomy itself is defined as — a person commits sodomy when he performs or submits to any sexual act involving the sex organs of one person and the mouth or anus of

another. Now, therefore, aggravated sodomy would be defined as performing or submitting to any sexual act involving the sex organ of one person with the mouth or anus of another with force and against the will of another person. What I have charged you previously as to force and as to consent in connection with the law of rape would apply equally as to the terms force and against the will of the alleged victim, that would apply equally to aggravated sodomy and I won't repeat those principles of law. Now, if you should believe beyond all reasonable doubt that within seven years next preceding the date that this bill of indictment was returned and filed into this court, that these defendants, either or both of them, did commit an act or acts of *sodomy* upon the person named in the indictment, or that either of them did by reason of a conspiracy, then you would be authorized to, depending upon your finding, to find the defendants guilty as charged in count three. On the other hand, if you entertain a reasonable doubt as to the guilt of the defendants as charged in count three, it would be your duty to give them the benefit of that doubt and acquit them of that offense as set forth in count three."

The appellants contend that the charge of the court omitted the word "aggravated" before the emphasized word sodomy in the charge and thereby instructed the jury that they could find the appellants guilty of aggravated sodomy if they found they had committed sodomy on the victim. The appellants argue that this charge eliminated the element of force required by the aggravated sodomy charge.

The appellants in this case denied that they had committed sodomy on the victim and testified that the normal sexual acts were consented to by her. The victim testified to various acts of sodomy and rape on her committed by force and against her will.

In the charge the trial court fully explained to the jury that the appellants were charged with aggravated sodomy and fully defined the offense. The mere fact that the trial court omitted the word "aggravated" in one sentence of his charge would not be so confusing and misleading to the jury as to require a new trial. When the charge is read in its entire context, it was not confusing or

misleading to the jury. *Aycock v. State,* 188 Ga. 550 (2) (4 SE2d 221); *Cooper v. State,* 212 Ga. 367 (2) (92 SE2d 864). There is no merit in this contention.

8. The trial court did not err in refusing to direct verdicts of acquittal and in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED FEBRUARY 5, 1975.

*W. J. Stanley,* for appellants.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.