## 51170. GERDINE v. THE STATE.

QUILLIAN, Judge.

Mr. Rueben Lanier, the complainant, took his 1967 automobile to defendant's place of business for the purpose of having the defendant sell it for him. He stated that he went by defendant's place of business every day on his way to work. When he saw that his car was missing he stopped and talked to defendant who told him that he let a man take the car over to a bank on Hunter Street to borrow money to buy the car. At a later date defendant is alleged to have told him the loan had been approved and when the man got off from work he would get the money to pay for the car. After that date, whenever complainant stopped to talk to defendant he was never present. Finally complainant swore out a warrant for defendant's arrest. Defendant was charged with theft by taking.

Defendant testified that complainant left his automobile with him for the purpose of having him sell it. The only time he discussed financing on this car was with "the gentlemen that I had been doing business with for about five years, I am not sure if it was Hicks, but I believe his name was Hicks . . . [H]e had an old car and I told him I would trade with him . . . He said he would go to Mableton,

Georgia, and get the money . . . It was about dark when . . . he came back . . . They were afoot [sic] . . . [H]e said he was going up the expressway . . . the car . . . caught afire [sic] and he couldn't drive it and so he pushed it as far as he could out to the side of the road and hitchhiked back to my place." The man got in his car and left. Defendant's attempts to locate the complainant's auto were unsuccessful. He never contacted the police nor did he ever file a stolen car report. It was not determined whether he contacted Mr. Hicks after that time.

Complainant stated that he gave defendant the auto registration so he could file a report. Defendant denied this. Complainant testified he requested return of his car keys but defendant said he could not find them. Defendant denied this and offered in evidence a key which he said was complainant's car key.

The jury returned a verdict of guilty. Defendant appeals. *Held:*

1. Defendant alleges that the state produced no proof of ownership of the automobile alleged to have been stolen. Mr. Lanier — when asked if he owned the automobile, stated "that's right." He testified that he "still [has] the papers on the car" and that he gave his "tag receipt" to the defendant and that since this incident he had been "buying a tag" every year in an attempt to find out if anyone else has registered the car. Reasonable certainty of ownership is all that is required. Code § 38-304. We find this evidence sufficient indicia of ownership to withstand an objection for the first time at the appellate level. *Robertson v. Ga. Power Co.,* 128 Ga. App. 740 (197 SE2d 924).

2. Defendant enumerates as error that this "controversy is civil in nature rather than criminal." Complainant's civil remedy and the state's right of criminal prosecution are not mutually exclusive. There need not be an election of remedies. The state's decision to prosecute or not to prosecute would not foreclose complainant from pursuing his civil remedy, nor would complainant's election not to enforce his civil action bar the state from bringing their criminal action. We find this enumeration to be without merit.

3. Defendant contends he was prejudiced by the

remarks of the district attorney in summation. His specific objections were directed to remarks regarding the frustration of a prosecutor; that enforcement of the laws rests with the jury; that a hardworking man gets cheated out of his money and a defendant will try to "sell a bill of goods to a jury." The final objection, on appeal, was to the prosecutor's statement that "We ought not put this crook in jail." This last remark was obviously a facetious question made to the jury by the district attorney.

The record discloses that the defendant placed no objection at trial to any of these enumerations specified on appeal. When improper argument is made to the jury, opposing counsel has a duty to act by interposing an objection. *Saxon v. Toland,* 114 Ga. App. 805 (2) (152 SE2d 702). Failure to object amounts to a waiver. *Woodland Hills Co. v. Coleman,* 73 Ga. App. 409 (7) (36 SE2d 826). This enumeration is without merit.

4. After retiring to consider its verdict the jury returned and asked the court: "What is the second definition of theft by taking as stated by the Judge?" There are two remarks which the jury may have been referring to. The judge first charged the jury on definition of theft by taking and then in explanation of the word "appropriate," which was used in the statute, added: "For instance, and clearly by way of illustration, a bank teller who received money for deposit by customers of the bank and instead of crediting the customer's account takes the money for his own use, has appropriated that money . . . All of this explanation is to explain to you the statute in question." The second explanation was: ". . . under certain circumstances under the law a person would have appropriated property when and if, having been entrusted with such property for a particular purpose, he disposes of that property for monetary considerations, and diverts the proceeds . . . to his own use."

In recharging the jury, the judge carefully — and in great detail, explained the reason he had previously used illustrations "to explain certain words used in the statute." He repeated the charge on theft by taking and explained again why he used the former illustrations. The defendant contends that the judge erred "to give such a lengthy recharge without recharging the jury again on

those principles of the law that are favorable to the defendant." Rather than engage in semantics as to how long is "lengthy," we found the recharge was approximately three and one-half pages — double-spaced, with the pertinent portion of the charge consisting of approximately two pages.

The judge concluded his "recharge" to the jury with this comment: ". . . ladies and gentlemen, the only reluctance that a judge has about recharging a principle of law is that a jury might take it out of context. Of course, you take the charge given you as a whole. I am answering your request, and if I have not — let me know and I will try another way, but I give this to you not to emphasize one part of the charge over another, but because of your request and you should not take it out of context, of course, and that would apply to any principle of law that might be given you in this case or in another case of a similar nature."

We find no error in the recharge of the jury by the judge.

5. Enumeration of the general grounds of error are without merit. The jury saw and heard the witness and resolved the conflicts in the evidence against the defendant. We will not disturb that finding where there is any evidence sufficient to support the verdict. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED OCTOBER 8, 1975 — DECIDED NOVEMBER 14, 1975.

*Horton J. Greene,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.