## 34387. SCOTT v. THE STATE.

Bowles, Justice.

Appellant was found guilty of murder in Spalding Superior Court on January 26, 1976, and was sentenced to life imprisonment. He was granted an out-of-time appeal and enumerates two errors.

1. Appellant complains that the trial court refused, upon motion, to grant him a separate hearing on the voluntariness of a written confession introduced into evidence. He complains the trial court neglected to make a ruling as to the voluntariness of the confession, and failed to give proper cautionary instruction to the jury on using the statement for impeachment purposes.

The statement of the defendant offered into evidence was offered only for the purpose of impeachment. In these circumstances a separate hearing on voluntariness of the statement as determined in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), is not required. Compare, Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971), and *Williams v. State,* 239 Ga. 12, 14 (235 SE2d 504) (1977); *Campbell v. State,* 231 Ga. 69 (3) (200 SE2d 690) (1973); *Colbert v. State,* 124 Ga. App. 283 (2) (183 SE2d 476) (1971).

The burden is on the court to caution the jury that evidence is to be considered only for the purpose of assessing defendant's credibility and not to establish his guilt of the offense for which he is on trial. Failure on the part of the trial court to so instruct the jury could be error. However, under the facts in this case, we conclude that any possible error did not harm the appellant. He testified at trial in his own behalf and affirmed that the statement he gave to the police officer was freely and voluntarily made. In addition to a very strong state's case, appellant testified that he shot the victim several times with a pistol while the victim lay in bed with covers over his head. No legal justification was offered for his conduct. In this case, we cannot say appellant was harmed by the trial court's failure to give precautionary instructions to the jury regarding the purpose for which the evidence was introduced. See, *Zirkle v. State,* 235 Ga. 289 (219 SE2d 389) (1975). United States v. Agurs, 427 U.S. 97 (96 SC

2392, 49 LE2d 342) (1976).

2. Appellant assigns as error the failure of the court to grant him the right to the opening and closing arguments under Code Ann. § 27-2201, and claims to have been prejudiced thereby. While we recognize that rights to opening and closing arguments are valuable rights to an accused, and must be protected under the law, there are several reasons why appellant's contention cannot be sustained here.

Which party is entitled to open and close is oftentimes unclear, based on whether or not any admissible testimony or documentary evidence has been introduced by the accused. It is beyond question in this state that where an accused offers no testimony or evidence into the trial of a case, other than his own testimony, he has the right to the opening and closing arguments. In this instance, the accused called for further testimony of a witness who had theretofore testified in behalf of the state. Although the extent of the witness' testimony was limited, appellant did not invoke any ruling from the court to permit him to further cross examine the witness after the state had closed. Thus, the court could well have concluded that appellant was calling the witness as his own witness, which he had a right to do. "A defendant in a criminal case who, after the testimony of a witness for the prosecution has been concluded and the witness has retired from the witness stand, calls and examines the witness, is not entitled to open and conclude the argument, unless, for some reason addressed to the discretion of the court, he has been granted permission to ask further questions in order to complete the cross examination of the witness." *Dunn v. State,* 18 Ga. App. 95 (3) (89 SE 170) (1916); followed in *Jefferson v. State,* 56 Ga. App. 383 (4) (192 SE 644) (1937).

When the court announced that the state would have opening and closing arguments, appellant made no objection, and enumerates the error for the first time on appeal. A party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later. *Ellard v. State,* 233 Ga. 640 (212 SE2d 816) (1975). Out of this principle evolves the further premise that matters not objected to at trial

cannot be raised for the first time on appeal. *Mallory v. State,* 230 Ga. 657 (198 SE2d 677) (1973). When an improper argument is made, whether substantive or procedural, opposing counsel has a duty to act by interposing an objection. *Gerdine v. State,* 136 Ga. App. 561 (222 SE2d 128) (1975).

Additionally, where the evidence in a criminal case demands a verdict of guilty, the fact that the defendant was improperly deprived of the right to open and conclude the argument will not necessitate a new trial. *Fader v. State,* 33 Ga. App. 593 (127 SE2d 472) (1925).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED JANUARY 5, 1979 — DECIDED FEBRUARY 27, 1979.

*Johnny B. Mostiler,* for appellant.

Calvin Lindberg Scott, *pro se.*

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I cannot agree with all that is said in Division 1. The majority say that no separate hearing (or judicial determination) on the voluntariness of a confession is required where the confession is offered only for purposes of impeachment. In other words, the majority say that an involuntary confession may be used for purposes of impeachment. For this proposition, they cite Harris v. New York, supra, and its progeny in Georgia. In Mincey v. Arizona, 437 U.S. 385 (98 SC 2408, 57 LE2d 290) (1978), the Harris rule was limited to Miranda violations. In Mincey the court held that any use (in a criminal trial), even use solely for impeachment, of an involuntary statement, violates due process. 437 U.S. at 398.

Here, however, the defendant admitted while testifying that his confession had been made freely and voluntarily. I therefore concur in the judgment.