## 57261. KELLY v. THE STATE.

UNDERWOOD, Judge.

The defendant, Kelly, was convicted of voluntary manslaughter at the conclusion of a trial in which the only testimony presented on behalf of the defendant was that of Kelly himself. No other evidence was introduced by the defense.

In his second enumeration of error the defendant contends that the trial court erred in denying his counsel's request to make the opening and concluding argument to the jury, and that denial of this right was harmful error. We agree and must reverse.

Code Ann. § 27-2201 provides, in pertinent part, that "if the defendant shall introduce no testimony, his counsel shall open and conclude after the testimony on the part of the State is closed." In the event the defendant elects to be sworn and examined, he shall not lose his right to open and conclude the argument to the jury, if he has not introduced other evidence in the trial. Code Ann. § 38-415. "It is true that the making of a statement by the defendant, where he introduces no other evidence, entitles him to conclude the argument in the case, and that this is an important right, and its denial will generally cause a reversal of the decision of the lower court . . . [T]he presumption arising from the denial of the right is that the party thus deprived of it has been injured." *Seyden v. State,* 78 Ga. 105 (4) (1886); *Lewis v. State,* 126 Ga. App. 123, 129 (190 SE2d 123) (1972).

*Judgment reversed. Webb, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 5, 1979 — DECIDED MARCH 16, 1979.

Voluntary manslaughter. Liberty Superior Court. Before Judge Findley.

*Richard D. Phillips,* for appellant.
*Dupont K. Cheney, District Attorney, T. Michael Taff, Assistant District Attorney,* for appellee.