## 64328. BROOKER v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of selling marijuana, a violation of the Georgia Controlled Substances Act. Defendant appeals, contending that the state has failed to establish the chain of custody of the bag of marijuana which defendant was convicted of having sold to an undercover Georgia Bureau of Investigation (GBI) agent. *Held:*

1. The GBI agent testified that while working undercover in Lowndes County she purchased from defendant for $20 a plastic bag containing suspected marijuana. The agent testified that she marked the bag in question with a GBI evidence tag number, the case number, defendant's name, the date and time and her badge number. The agent testified that she kept the suspected marijuana in her locked briefcase in the trunk of her car until she turned it over to a technician at the state crime laboratory in Moultrie on August 11, 1981. At trial this agent was able to identify the bag in question by the identifying numbers and inscriptions which she had placed thereon.

The state also presented the evidence of a drug chemist from the state crime laboratory branch in Moultrie who testified that on February 3, 1982, he had tested the contents of the plastic bag in question and determined by a multiplicity of test procedures that it was marijuana weighing 7.4 grams. The chemist in question had not worked at the Moultrie branch of the crime laboratory on the date on which the exhibit in question had been received at that laboratory. However, he did testify as to the procedure in the crime laboratory by which evidence received in the crime lab is placed in a locked evidence locker until the time it is removed to be analyzed or taken to court.

The state in establishing the chain of custody of physical evidence need not exclude every possibility of tampering but it must show circumstances that establish a reasonable assurance of the identity of the sample. Contrary to defendant's assertion neither the absence of testimony from the crime laboratory technician who received the exhibit from the GBI agent nor the length of time between receipt of the bag at the crime laboratory and the date of the testing of the contents cast such doubt upon the identity of the evidence as to prevent the state's evidence from satisfying its burden. The chain of custody established was sufficient to authorize the admission of the evidence in question. *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578).

2. After review of the entire record and transcript we find that any rational trier of fact reasonably could have found from the evidence adduced at trial proof of defendant's guilt beyond a

reasonable doubt of the offense of selling marijuana, a violation of the Georgia Controlled Substances Act. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). We find no error in the denial of defendant's motion for directed verdict.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 14, 1982.

*Mary Jane Yorke,* for appellant.
*James Hardy, Assistant District Attorney, Gregory R. Jacobs, Assistant District Attorney,* for appellee.