## 66016. HUBBARD v. THE STATE.

DEEN, Presiding Judge.

During the early morning hours of April 1, 1981, St. Marys police officer Thomas Murray, on routine patrol duty, drove past the cyclone-fenced storage compound of the Camden Telephone and Telegraph Co. and observed appellant Hubbard placing in the trunk of his automobile a quantity of wire cable of a type used for installation of telephone lines. Officer Murray turned on his spotlight, identified himself as a police officer, and ordered appellant to stop. Appellant leaped into his car and drove away, and there ensued a high-speed chase which ended with appellant's driving his car into a ditch. Murray, assisted by other law enforcement personnel whom he had summoned by radio, subdued appellant, who was attempting to remove the cable from his trunk. Appellant, together with the cable, was transported to the Sheriff's Department, where he was charged with theft by taking. OCGA § 16-8-2 (Code Ann. § 26-1802).

Law enforcement personnel meanwhile proceeded to the scene where appellant had first been observed, examined and photographed the site, and took custody of several short rolls and lengths of cable found lying in the ditch between the chain-link fence and the place where appellant's car had been parked. Investigative officers noted in the dew-soaked grass of the storage compound at least one set of footprints and a set of tracks corresponding to the wheel configuration of a small trailer found standing near the fence. Caught on the barbed wire atop the fence were fragments of matted grass and of a black plastic tape-like material like that which bound the cable in the appellant's trunk, as well as some of the cable found in

the ditch.

At trial the police officers who had participated in the chase, arrest, and site investigation testified to facts essentially as stated above, and the owner of Camden Telephone and Telegraph testified that the quantities of cable impounded by the officers were of the same kind as that ordinarily used in telephone installations, including those of his own firm; that except for an isolated operation by another company in a remote section of the county, his was the only telephone company in the vicinity; and that end-lengths of spools of cable were regularly bound with tape of the type found on the fence and on the cable taken into custody, and stored in the area from which the footprints and tracks led to the fence. The appellant testified in his own defense, denying the charge. Also appearing for the defense was the pastor of appellant's church, who testified that he had known appellant for nearly three months and that of his own personal knowledge he considered him to be of good character. The court ruled this evidence inadmissible because, contrary to the provisions of Georgia law, this character testimony was based on personal knowledge rather than on knowledge of appellant's reputation in the community where he lived or worked. Over appellant's objection, the court allowed the prosecution to have the opening and closing arguments, and appellant was found guilty and sentenced to three years' imprisonment.

In bringing this appeal appellant assigns as error the court's denial of his motions for a directed verdict of acquittal, for judgment notwithstanding the verdict, and a for a new trial (#1 and 2). He further enumerates the admission of physical evidence without requiring establishment of a chain of custody (#3); the denial of the right to make the opening and closing arguments (#4); the jury instruction that the pastor's testimony was inadmissible (#5); the court's permitting the state to argue certain inferences (#6); and the failure to provide appellant, an indigent, with a trial transcript that included the closing arguments (#7). *Held:*

1. A directed verdict of acquittal is authorized only when the evidence is such as to demand acquittal as a matter of law. OCGA § 17-9-1 (Code Ann. § 27-1802). A motion for judgment notwithstanding the verdict (properly, a motion in arrest of judgment) is authorized only when there is a "defect not amendable which appears on the face of the record," OCGA § 17-9-61 (Code Ann. § 110-702). After verdict, there is a presumption in favor of the verdict, and the evidence is construed most strongly in favor of the pleader. *Rumph v. State,* 60 Ga. App. 689 (4 SE2d 673) (1939). In this case there was an abundance of evidence sufficient not only to suggest appellant's guilt of the offense charged, but also to authorize a finding

of guilt under the "reasonable doubt" standard. The cases cited by appellant are distinguishable in that they involve very weak circumstantial evidence, unlike that in the instant case. Appellant's first enumeration is without merit.

2. The record discloses that the testimony of responsible law enforcement personnel adequately established the chain of custody of the impounded cable. *Brooker v. State,* 163 Ga. App. 91 (294 SE2d 203) (1982). This enumeration also has no merit.

3. The court's instruction to the jury regarding the inadmissibility of the character evidence proffered by the defense was a correct statement of the law and therefore must withstand appellant's challenge. OCGA § 24-2-2 (Code Ann. § 38-202); *Smith v. State,* 153 Ga. App. 519 (265 SE2d 852) (1980). This enumeration, too, is without merit.

4. The court did not err in permitting the prosecution in its closing argument to touch on the theory that there were other parties to the theft, despite no direct evidence of such having been introduced in the case in chief. There was circumstantial evidence that would support such an inference, however. It was brought out at trial that the sets of footprints in the grass were in such a configuration that they might arguably have been made by more than one person, and it was also brought out that dragging the cable to the fence and lifting it over would have been very difficult, if not impossible, for one person acting alone.

5. Appellant's seventh enumeration is moot in that the state has provided the appellant and this court with a supplemental transcript that includes the challenged closing argument.

6. Appellant's primary contention in his motion for a new trial was that the state wrongfully, in violation of the requirements of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), withheld from him allegedly exculpatory information; namely, that the owner of Camden Telephone and Telegraph Co. could not identify the cable taken from appellant's automobile and from the ditch as having been taken from his storage area, and, moreover, that this witness could not conclusively establish that any cable was missing. The trial court held that the state had no duty to reveal these facts and, finding no merit in appellant's allegations regarding sufficiency of the evidence, denied the motion for new trial. In light of our examination of the record and of our holdings in Divisions 1, 2, and 4, supra, we hold that the trial court did not err in denying this motion.

7. The trial court erred, however, in denying to appellant the right to the opening and closing arguments. The general rule is found in OCGA § 17-8-71 (Code Ann. § 27-2201): "After the evidence is

closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." In the instant case the appellant called a character witness whose testimony he attempted to introduce into evidence, but the court correctly ruled, after hearing the testimony (see Division 3, supra), that it was inadmissible. The state contends that since appellant had undertaken to introduce evidence, he thereby forfeited his right to the opening and closing statements, and that the fact that the testimony was not admitted is of no significance in the determination of whom the right belonged to.

Georgia courts have held otherwise, however. The rule giving the right of opening and closing to the defendant who introduces no evidence (other than his own testimony) "is not varied by reason of his mere offer of testimony which is rejected by the court." *Haywood v. State,* 14 Ga. App. 114 (80 SE 213) (1913). See also *Fader v. State,* 33 Ga. App. 593 (127 SE 472) (1925); *Hart v. State,* 88 Ga. App. 334 (76 SE2d 561) (1953); *Kelly v. State,* 149 Ga. App. 388 (254 SE2d 737) (1979). Compare *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979); *Freeney v. State,* 129 Ga. 759 (59 SE 788) (1907). Under the facts of this case, appellant clearly had the right to the opening and closing arguments, and the court's denial of that right was error.

The right to opening and closing arguments is a valuable one to an accused. *Scott v. State,* supra, at 234. Its purpose is to allow defense counsel every opportunity to persuade the jury that the state has failed to prove his guilt beyond a reasonable doubt. *Yeomans v. State,* 229 Ga. 488 (192 SE2d 362) (1972). So important have our courts considered this right that they have held an improper denial to be grounds for reversal of the judgment, as the party deprived of it is presumed to be injured thereby. *Park v. State,* 224 Ga. 467 (162 SE2d 359) (1968), cert. denied 393 U. S. 980 (89 SC 449, 21 LE2d 441) (1968); *Kelly v. State,* supra; *Hart v. State,* supra.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED JUNE 17, 1983.

*Michael B. Perry,* for appellant.

*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney,* for appellee.