61490, 61491. KING v. THE STATE (two cases).

BANKE, Judge.

The appellant was convicted of aggravated assault with intent to rob. On appeal he contends that the evidence is insufficient to support the verdict and that the trial court erred in denying a motion for mistrial. *Held:*

Officer Norris of the Atlanta Police Department testified that on March 25, 1980, while he was masquerading as a wino in the vicinity of Ivy and Houston Streets, the appellant and a companion assaulted him. The companion was apprehended by Norris, and the appellant fled. Several weeks later, the appellant was apprehended in the same general area and identified by Officer Norris as his assailant. The state also introduced evidence of the appellant's arrest and conviction for a similar offense which took place in the Houston Street neighborhood some two years previous to the offense under

consideration here.

The appellant denied his participation in the crime and testified that he did not recall his whereabouts on the night in question. The co-defendant, who had separately been tried and convicted of the offense, testified that someone other than appellant had been with him when he was apprehended for the assault on Officer Norris. Sgt. Getty of the Atlanta Police Department testified in rebuttal that the co-defendant gave conflicting stories regarding the identity of his companion after he was apprehended. *Held:*

1. It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. See *Watts v. State,* 239 Ga. 725 (1) (238 SE2d 894) (1977). Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171) (1979).

2. On cross examination, the state's attorney began to question the appellant concerning his previous conviction for a similar offense, and defense counsel moved for a mistrial. He did not contend before the trial court that the evidence of the previous transaction was inadmissible, nor does he take that position on appeal. Instead, he argues that once having established that the offense occurred, the state is precluded from cross examining the defendant concerning that issue. We know of no authority for such a limitation, nor is any offered by the appellant. In any event, the trial court acceded to the defense request, and examination of the defendant concerning the earlier transaction was abandoned. This ruling renders moot the claim of error.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 3, 1981.

*Michael E. Hancock,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, R. Michael Whaley, Assistant District Attorneys,* for appellee.