## A89A0175. MOSES v. THE STATE.
(379 SE2d 819)

BANKE, Presiding Judge.

Defendant Moses brings this appeal from his convictions of possession of cocaine, possession of less than an ounce of marijuana, and driving under the influence of alcohol. *Held*:

1. The evidence was amply sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt of each of the three offenses of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err in allowing the state to introduce evidence that the defendant had refused to consent to a blood-alcohol test following his arrest. See OCGA § 40-6-393 (c); *Wyatt v. State*, 179 Ga. App. 327, 328 (346 SE2d 387) (1986). The state was not required to establish its compliance with the statutory procedures which must be followed in order to effect a suspension of a driver's license based on such a refusal, inasmuch as the validity of the defendant's driver's license or any suspension thereof was not relevant to any issue in the case. See generally OCGA § 40-5-55 (c). Compare *Sumner v. State*, 184 Ga. App. 374 (361 SE2d 536) (1987) (where the defendant was being prosecuted for driving with a suspended license).

3. The trial court did err, however, in allowing the state to introduce evidence that the defendant had been convicted, some three years previously, of the offense of possession of marijuana with intent to distribute. The state does not contend that the defendant made an election to place his character in issue, so as to render such evidence admissible pursuant to OCGA § 24-9-20 (b). See *Jones v. State*, 257 Ga. 753, 758 (363 SE2d 529) (1988). Rather, it is asserted that the prior conviction was admissible to impeach the defendant's testimony, elicited both on direct and on cross-examination, that he did not smoke marijuana.

In *Mitchell v. State*, 158 Ga. App. 628, 630 (281 SE2d 260) (1981), this court held that testimony on the part of a defendant that he did not "fool with" marijuana "could be construed as a denial that he had ever been involved in any offenses involving marijuana," so as to render admissible for impeachment purposes evidence that he had previously been convicted on a marijuana possession charge. However, unlike the defendant in *Mitchell*, the defendant in the present case clarified his denial that he smoked marijuana by explaining, before any evidence regarding his past conviction was introduced, that he had used marijuana in the past but had stopped. In the context of

this clarification, the defendant's earlier testimony could not reasonably be construed as a denial that he had ever used marijuana in the past or that he had ever committed any offense involving the drug. We consequently hold that the prior conviction was not admissible for impeachment over his objection.

4. The defendant's remaining enumeration of error, concerning the trial court's failure to give limiting instructions regarding the evidence of the prior conviction, is rendered moot by the foregoing.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 10, 1989.

Willie Moses, *pro se.*

Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, William L. Hawthorne III, Assistant District Attorneys, for appellee.