A90A0758. WILLIAMS v. THE STATE.
(394 SE2d 112)

DEEN, Presiding Judge.

Grayling C. Williams was convicted of possession of cocaine with intent to distribute, possession of a firearm during the commission of a felony, carrying a concealed weapon, and three motor vehicle violations. On appeal, he contends that the trial court erred in denying his motion for a directed verdict of acquittal and excluding certain of his testimony as hearsay, and asserts the general grounds as to the two possession offenses.

1. The evidence showed that appellant was riding a motorcycle with a broken taillight and was stopped by two police officers in a patrol car for having defective equipment. A pill bottle containing crack cocaine was found on the ground near where appellant dismounted from his motorcycle. Both officers testified that they observed him drop something to the ground when he dismounted, but

appellant denied any knowledge of the bottle or that he put anything on the ground.

In arguing his first enumeration of error, appellant refers to certain contradictions in the officers' testimony (whether the patrol car's "take down bar" was operating, where the defendant was first sighted, whether there were cars parked near an auto parts store, etc.) and claims that his mere presence near the vial of cocaine was not sufficient proof of the crime beyond a reasonable doubt and that the officers' testimony was so replete with contradictions that their testimony that they saw the defendant drop something to the ground was not credible.

It is the function of the jury, not the appellate court, to resolve conflicts in the testimony and determine the credibility of the witnesses. *King v. State*, 157 Ga. App. 733 (278 SE2d 491) (1981); OCGA § 24-9-80. Under OCGA § 17-9-1 (a), a defendant is entitled to a directed verdict of acquittal "[w]hen there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.' " It is not error for the trial court to deny the motion for a directed verdict if the evidence, when viewed in a light favorable to the prosecution, would enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Wright v. State*, 253 Ga. 1, 3 (316 SE2d 445) (1984). The police officers observed appellant throw down the medicine vial containing crack cocaine; he had a fully loaded .25 caliber handgun concealed on his person, and was carrying a $100 bill.

2. During appellant's testimony, he claimed that he had the $100 bill in his possession because he had pawned a .380 millimeter pistol the previous day for $150. When he was asked why he possessed the pistol knowing he was a convicted felon and not entitled to own or possess a firearm, he replied that he loved guns and had purchased it as a collector's item. He added, "I asked Chief Gray about it, that the one that I . . . ." At this point the State made a hearsay objection which was sustained. Appellant argues that he was about to say that he had checked with the local authorities and that they had given him permission to get a pistol or to offer some other justification for having the pistol. He made, however, no offer of proof as to the substance of the testimony and showed no harmful error as required under *Brown v. State*, 179 Ga. App. 280, 282 (346 SE2d 85) (1986). Appellant was not charged with any offense in connection with the .25 caliber pistol but was charged with possessing the .380 millimeter gun found in his possession when he was arrested. Moreover, Chief Gray testified on direct examination, and appellant declined to cross-examine him. He did not recall the witness in an attempt to prove that Gray had given him permission to carry a gun.

3. Viewing the evidence as presented at trial in a light most

favorable to the jury verdict, we find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Hendrix v. State,* 186 Ga. App. 665 (368 SE2d 181) (1988).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 19, 1990.

*Hugh J. McCullough,* for appellant.

*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney,* for appellee.