## A91A0598. BALES v. THE STATE.
(406 SE2d 790)

ANDREWS, Judge.

Bales was charged with and initially convicted of four counts of child molestation involving his three-year-old daughter.

Because he was on probation for another unrelated crime at the time of the commission of the acts, they were also used as the basis for revoking his probation. This hearing was held first and the judge, based on the preponderance of evidence standard, found that three acts (indicted as Counts 1, 2, and 3) were proven but did not so conclude regarding the act forming the basis of Count 4.

Thereafter, the same judge, sitting without a jury, made his determination of guilt beyond a reasonable doubt on all four counts based on the probation revocation hearing transcript. After the notice of appeal, enumerations of error and briefs were filed with this court, the trial court vacated the conviction on Count 4.

1. The first enumeration of error deals with Count 4 and is mooted by the court's vacation of that conviction.

2. At the sentencing and in his second enumeration, Bales contends that, while he could be tried on all four counts, he could not be sentenced on all four because Count 1 merged into Count 3 and Count 2 merged into Count 4. He was sentenced to 15 years, to serve ten on all four counts, to run concurrently with his revoked probationary sentence and with each other.

While all four counts alleged "on or about March 12, 1990," the court found that all the acts occurred on March 12. All counts alleged child molestation, committed as follows: Count 1, by "touching the vaginal area of [the child] with intent to arouse and satisfy the sexual desires of [Bales]"; Count 3 by "plac[ing] his penis against the vaginal area of [the child]"; Count 2 by "fond[ling] the rectal area of [the child]"; and Count 4 by "placing his penis against the rectal area of [the child]."

The argument as to Counts 2 and 4 is mooted by the vacation of the Count 4 conviction.

" '[O]ffenses merge as a matter of fact pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other.' [Cit.]" *LeGallienne v. State*, 180 Ga. App. 108, 111 (4) (348 SE2d 471) (1986). Here, the victim testified to several different acts committed by Bales and Count 1 was supported by evidence that he touched the child's vaginal area with his hand, including penetration with his finger. Count 3 was supported by evidence he also placed his penis in her vaginal area. These were separate and distinct acts and supported separate convictions for two sequential but separate crimes against the same victim. *Stroud v. State*, 193 Ga. App. 82, 83 (4) (387 SE2d 37) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 20, 1991.

*Amy A. Petulla, Christopher A. Townley*, for appellant.
*Ralph Van Pelt, Jr.*, District Attorney, *Lowell K. Lawson*, Assistant District Attorney, for appellee.