## S94G0466. GIVENS et al. v. THE STATE.
(448 SE2d 687)

HUNT, Chief Justice.

We granted certiorari to the Court of Appeals in *Givens v. State,* 211 Ga. App. 290 (439 SE2d 22) (1993) to review that court's decision regarding several rulings of the trial court in this appeal from convictions against Carroll Todd Givens and Arthur Steven Barfield of criminal attempt to possess cocaine. We reverse for the reasons stated in the first division.

The evidence presented at trial showed that Givens and Barfield

approached undercover police officers who were posing as drug dealers. The defendants indicated they were interested in purchasing crack cocaine and Barfield, holding money in his hand, examined the contents of a bag of cocaine handed to him by one of the officers. He then handed it back to the officer. Givens and Barfield attempted to drive off without consummating the purchase, but were immediately arrested. Neither defendant testified at trial or presented evidence.

1. Since the defendants were represented by separate counsel, and since neither defendant presented evidence, under OCGA § 17-8-71 each had the right to have his counsel open and conclude the closing argument to the jury. *McDuffie v. Jones*, 248 Ga. 544, 546 (2) (283 SE2d 601) (1981). Thus, as noted by the Court of Appeals, the trial court erred in only allowing one defense counsel to open and the other defense counsel to conclude the closing argument. 211 Ga. App. at 292 (4). However, we disagree with the further holding of the Court of Appeals that the error in this case was harmless. As we noted in *McDuffie*, supra, the right to make final argument to the jury is an important one, and harm is presumed when that right is erroneously denied. Id. at 547. That presumption is not absolute, and error in these cases, as in *McDuffie*, may be shown to be harmless. Unlike *McDuffie*, where the evidence against the defendant was overwhelming, and the defense was virtually incredible, there was sufficient evidence in this case for the jury to seriously consider the defendants' defense of abandonment. Accordingly, we cannot say, as a matter of law, that the trial court's error was harmless.

2. The defendants contend the Court of Appeals erred in holding that the trial court did not abuse its discretion in refusing to allow defense counsel to play a videotape of the attempted purchase during the cross-examination of a police officer. The state played the videotape for the jury following the direct examination of the police officer who taped the incident. Although, as the Court of Appeals correctly noted, the scope of cross-examination is not unlimited and lies within the discretion of the trial court, *Robinson v. State*, 258 Ga. 279, 281 (3) (368 SE2d 513) (1988), nevertheless, every party has a right to a thorough and sifting cross-examination of witnesses called against him. OCGA § 24-9-64. Here the defendants argued, in support of their defense of abandonment, that their return of the cocaine and departure from the scene were voluntary acts. Under these circumstances, as well as the fact that the videotaped transaction was brief, 211 Ga. App. at 292, it would have been appropriate for the trial court to allow defense counsel the use of the videotape — which showed the actual incident which was the basis for the charges against the defendants — in the cross-examination of the police officer who witnessed the attempted purchase and who made the tape. However, in light of our holding in Division 1, we do not decide here whether the

trial court's refusal to allow the use of the videotape constituted reversible error; rather, we hold it would have been proper, and better practice to do so. See *Ledford v. State*, 89 Ga. App. 683, 685 (1) (80 SE2d 828) (1954).

3. We need not address the defendants' argument that the trial court erred in failing to charge the jury that the state had the burden of disproving the defendants' affirmative defense of abandonment. We note the trial court gave the defendants' request on abandonment verbatim, and that the charge as a whole fairly presented the issues in the case, including the affirmative defense, and the state's burden of proof. Had the defendants requested a specific charge regarding the state's burden of proof with respect to their affirmative defense, the trial court would have been required to give it. See *Anderson v. State*, 262 Ga. 7, 9 (2) (413 SE2d 722) (1992).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 11, 1994.

*Dorough & Sizemore, Kermit S. Dorough, Jr., T. Lee Bishop*, for appellants.

*Britt R. Priddy, District Attorney*, for appellee.