## A98A0099. CRAWFORD v. THE STATE.
(497 SE2d 45)

Judge Harold R. Banke.

Aaron Tyrone Crawford was convicted of possession of cocaine and pleaded guilty to misdemeanor obstruction of an officer. He enumerates four errors on appeal.

This case arose in the evening as Crawford walked down a street. As a marked patrol car neared him, the officer saw Crawford look up and then drop something. The officer drove on by and quickly circled the block. On his return, the officer saw that, rather than continuing down the street, Crawford had backtracked and was kneeling at the spot where he had dropped the object. After Crawford saw the patrol car, he straightened up and proceeded down the street. The officer confronted Crawford and ordered him back to the place he had been kneeling. When the officer found a baggie containing five or six rocks of crack cocaine at that spot, he arrested Crawford, who ran as the officer reached for his handcuffs. After a chase, the officer apprehended Crawford.

Prior to trial, the State notified Crawford that it intended to introduce evidence of two similar transactions. After the trial court determined that the similar transaction evidence was admissible, Crawford moved in limine to exclude prejudicial details of the similar transactions unnecessary to show similarity. The court excluded mention of driving without headlights, Crawford's consumption of cocaine, and underage drinking, and the State agreed to exclude mention of prior sales of cocaine.

During testimony on one of the similar transactions the State asked the arresting officer how much cocaine was found during a con-

sent search of Crawford's room. When the witness did not recall exactly, the State asked whether it was more than one rock. The witness then stated, "If I recall correctly, we located several baggies of real crack cocaine along with several baggies of what was later determined to be fake cocaine." Crawford then moved for mistrial, arguing that the State had introduced evidence on the sale of cocaine. *Held*:

1. Crawford contends the admission of the similar transaction evidence of his possession of counterfeit cocaine and the amount of actual cocaine violated the trial court's order on his motion in limine. Although Crawford's motion sought exclusion of evidence that he sold cocaine, it did not specifically address the exclusion of counterfeit cocaine or the amounts involved in the similar transactions. Consistent with Crawford's motion, this evidence was not specifically excluded. The indictment for the similar transaction offense, which was admitted into evidence, charged possession only, rather than possessing counterfeit substances, or selling, trafficking, or possessing cocaine with intent to distribute. Thus, although jurors could infer from this evidence that Crawford sold the counterfeit cocaine, they could also infer that he unknowingly purchased it. Nor was the evidence of the amount specific enough to require the conclusion that Crawford was selling cocaine, particularly when he was only charged with possession. In any event, the evidence is sufficiently overwhelming to render the error, if any, harmless. *McCann v. State*, 200 Ga. App. 256, 258 (407 SE2d 482) (1991).

2. Crawford contends that the trial court erred in admitting testimony about the counterfeit cocaine when he was not given notice of the State's intent to introduce evidence of that crime, an independent misdemeanor violative of OCGA § 16-13-78.2. See *Pless v. State*, 218 Ga. App. 603, 606 (2) (462 SE2d 472) (1995) (finding chalk having the appearance of crack cocaine a "counterfeit substance" within the meaning of OCGA § 16-13-78.2). We agree.

The purpose of Uniform Superior Court Rule 31.3's notice requirement "is to allow the defendant to investigate the validity, relevancy, and other aspects of admissibility of the prior offenses." *Hawks v. State*, 223 Ga. App. 890 (1) (479 SE2d 186) (1996). In keeping with this purpose, the notice must specify the transaction to be introduced. USCR 31.3 (B). The State's notice, which was specifically limited to "VGCSA, Obstruction, case number 32512" and "VGCSA case number 34511," did not mention possession of counterfeit cocaine. Compare *Wells v. State*, 208 Ga. App. 298, 303 (2) (d) (430 SE2d 611) (1993). Nor was evidence of the counterfeit cocaine introduced at the *Williams* hearing. Thus, defense counsel had no opportunity to investigate the validity, relevance, or admissibility of this evidence. *Hawks*, 223 Ga. App. at 890 (1). Nor do we see how such evidence was relevant to the crime charged. Compare *Waldrip v.*

*State*, 267 Ga. 739, 748 (11) (482 SE2d 299) (1997). Although the evidence came in through an unresponsive answer, the State bore the responsibility of instructing its witness to limit his testimony to admissible matters. *Sessions v. State*, 207 Ga. App. 609, 610 (2) (428 SE2d 652) (1993). Reversal is inappropriate, however, because the evidence was sufficiently overwhelming so as to preclude a finding that the error was harmful. See *Jones v. State*, 226 Ga. App. 721, 724 (1) (487 SE2d 618) (1997).

3. The trial court did not err in admitting evidence that Crawford ran from police during one of the similar transactions. The evidence showed a course of conduct and bent of mind similar to that in the instant case. See *Hawks*, 223 Ga. App. at 891 (1); see also *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990) (evidence of flight admissible to show consciousness of guilt). Crawford's guilty plea on the obstruction charge does not change that fact, particularly when the plea was not actually entered until the trial's conclusion.

4. The evidence, viewed in the light most favorable to the verdict, was sufficient to permit the jury to find all the essential elements of possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The officer's testimony that he saw Crawford toss the baggie to the ground belies Crawford's contention that no more than circumstantial evidence tied him to the cocaine. Thus, the State was not required to present evidence excluding a reasonable hypothesis of innocence. Compare *Cooley v. State*, 219 Ga. App. 176, 177 (464 SE2d 619) (1995); OCGA § 24-4-6.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 12, 1998 

*Cook & Connelly, Todd M. Johnson*, for appellant.
*Kermit N. McManus, District Attorney, Kevin N. Salisbury, Assistant District Attorney*, for appellee.