A98A1617. DASHER v. THE STATE.
(505 SE2d 792)

ANDREWS, Chief Judge.

Gus Dasher appeals from the judgment entered after a jury found him guilty of possession of cocaine with an intent to distribute. On appeal, Dasher claims the trial court erred in requiring him to elect between cross-examining his co-defendant and opening and concluding the closing argument. We agree and reverse.

The evidence at trial taken in the light most favorable to the jury's verdict, was that on June 10, Kent Harvey, the arresting officer, was on patrol outside of Climax, Georgia, when he noticed Dasher and the co-defendant, Daria Gammon, traveling without seatbelts. The officer stopped the car and asked Gammon, who was driving, for his license and proof of insurance. Gammon told the officer he did not have his license or proof of insurance with him. Gammon gave the officer a false name, Otis Gammon, which did not come up on the Georgia Crime Information Center file.

The officer then asked Gammon to get out of the car and went to talk to Dasher. Officer Harvey asked Dasher what the driver's name

was and upon getting a different name, Daria Gammon, the officer became suspicious and called for backup. Once backup arrived, the officer asked Dasher to get out of the car and searched him for weapons. Officer Harvey found $1,059, mostly in denominations of tens and twenties, along with a beeper. The officer then asked for and received permission to search the car. He found a cellular phone and a plastic bag stuffed between the two front seats. The plastic bag contained a matchbox and a medicine pill bottle with Gammon's name on it. The pill bottle and matchbox contained substances appearing to be crack cocaine. The state crime lab analysis showed the substance was crack cocaine and contained 9.2 grams of pure cocaine in 29 rocks. Frank Green, an investigator with the Decatur County Sheriff's Office, testified that the amount of drugs recovered was more than that used by individuals.

Gammon testified in his own defense and stated that on the day in question he was driving Dasher around to find motorcycle parts and that was why Dasher was carrying such a large amount of cash. Gammon said he had several empty medicine bottles in the car. He admitted to giving the officer a false name and also admitted that he told the officer he could "charge" him for having drugs. He said he told the officer this because Dasher asked him to take the blame for the drugs.

Dasher also testified in his own defense and stated that he never told Gammon to take the blame for the drugs. He said he had no idea that Gammon had narcotics in the car. Dasher explained that he needed the beeper and cell phone for his lawn care business.

1. The trial court erred in forcing Dasher to choose between cross-examining his co-defendant and opening and concluding the closing argument. At trial, the court held that if Dasher's counsel cross-examined Gammon, he would have waived the right to open and conclude closing argument. Dasher's counsel then stated he would not cross-examine Gammon, but objected to the judge's decision forcing him to choose.

OCGA § 17-8-71 provides: "After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." The Supreme Court of Georgia has held that the cross-examination of a witness does not constitute the introduction of evidence under OCGA § 17-8-71. *Kennebrew v. State*, 267 Ga. 400, 404, n. 2 (480 SE2d 1) (1996). See also *Whitehead v. State*, 232 Ga. App. 140, 142 (499 SE2d 922) (1998); *Wilson v. State*, 227 Ga. App. 59, 62 (488 SE2d 121) (1997). Therefore, it was error for the trial court to deny Dasher the right both to cross-examine his co-defendant and to open and conclude closing argument.

Moreover, the error was harmful. This is not a case where the evidence against Dasher was overwhelming or his defense incredible. The officer found the cocaine in a pill bottle with Gammon's name on it, between the seats of Gammon's car. Dasher's defense was that he was unaware there was cocaine in the car. Thus, Dasher's and Gammon's defenses were antagonistic in that both claimed the other was responsible for the drugs in the car. When Gammon testified in his own defense, Dasher's counsel was forced to forego cross-examining him on this defense because of the judge's ruling.

Likewise, had Dasher's counsel chosen to cross-examine Gammon and to forego closing argument, there would also have been harmful error. "[T]he right to make final argument to the jury is an important one, and harm is presumed when that right is erroneously denied." *Givens v. State*, 264 Ga. 522, 523 (448 SE2d 687) (1994). Although this presumption is not absolute where the evidence against the defendant is overwhelming or his defense is unbelievable, that does not apply to this case. Id. See also *Whitehead*, supra at 142. Therefore, because we cannot say the error did not contribute to the verdict, we reverse the conviction.

2. In light of our holding in Division 1, we need not address the remaining enumeration of error.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1998.

*Gilbert J. Murrah*, for appellant.

*J. Brown Moseley, District Attorney, Victoria Spear-Darrisaw, Assistant District Attorney*, for appellee.