A01A0648. REDDICK v. THE STATE.
(549 SE2d 151)

MILLER, Judge.

Indicted as a recidivist, Richard Lee Reddick was tried before a jury and found guilty of possession of cocaine, possession and use of drug-related objects, and simple battery. On appeal, he challenges the sufficiency of the evidence regarding the cocaine possession charge and contends the trial court erroneously failed to merge the two drug violations. We conclude the second enumeration has merit and so affirm in part and vacate in part.

1. Viewed in the light most favorable to the jury's verdicts, the evidence showed that on the night in question, Reddick and Deborah Plemons argued after a night of drinking beer and liquor. Reddick slapped Plemons with his hand, bruising her eye. In a contemporaneous written statement, Plemons told police the two fought when she initially refused Reddick's demand for $60 to buy drugs, because she did not want him to do drugs anymore. Reddick was taken into custody for battery. At the jail, police discovered that Reddick had a crack pipe on his person. The pipe residue tested positive for cocaine. "Regardless of the amount, however minute, if it is enough for the officers to recover, as small as it may be, and capable of being identified by expert chemical analysis, such testimony would be sufficient when considered with other evidence as to possession."[1]

Here, the forensic evidence that the pipe residue contained cocaine coupled with Plemons's plea that Reddick not do drugs anymore is sufficient under the standard of *Jackson v. Virginia*[2] to authorize the jury's verdict that Reddick knowingly possessed cocaine as alleged in Count 1 of the indictment.[3]

---

[1] (Punctuation omitted.) *Rogers v. State*, 155 Ga. App. 685, 687 (4) (272 SE2d 549) (1980). Accord *Scott v. State*, 216 Ga. App. 692, 697 (7) (455 SE2d 609) (1995).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996); *Knox v. State*, 216 Ga.

2. Reddick enumerates the denial of his motion to vacate the conviction on Count 2 for possession of drug-related objects, arguing it merged as a matter of fact into Count 1, the felony conviction for possession of cocaine. We agree.

A person may not be convicted of more than one crime if one crime is included in the other.[4] A crime is so included when it is established by proof of the same or less than all the facts (or a less culpable mental state) than is required to establish the commission of the other crime.[5]

Possession and use of objects intended to introduce controlled substances into the human body are punishable as misdemeanors under OCGA § 16-13-32.2. Here, Count 2 alleged that Reddick possessed "a pipe for the purpose of inhaling cocaine into the human body. . . ." No one testified from personal knowledge that Reddick himself had used or would use this pipe for the purpose of inhaling cocaine. The booking officer recognized the pipe as a straight shooter, one that could be used to smoke crack cocaine or methamphetamine. Yet the only evidence, in our view, that Reddick possessed this pipe for the purpose of inhaling cocaine as alleged in the indictment is the circumstantial evidence relied upon by the State to prove that he knowingly possessed cocaine residue.[6] Specifically, the proof that the residue was in fact cocaine, that Reddick used unspecified drugs in the past, and that he wanted money to buy unspecified drugs that evening was used up to establish the possession of cocaine charge.[7] Consequently the trial court erred in failing to merge the two convictions and further erred in sentencing Reddick separately on the charge for possession of drug-related objects.[8] The judgment of conviction and sentence as to Count 2 are vacated.

*Judgment affirmed in part and vacated in part. Andrews, P. J., and Eldridge, J., concur.*

---

App. 90, 92 (3) (453 SE2d 120) (1995); *Mize v. State*, 173 Ga. App. 327, 329 (3) (326 SE2d 782) (1985) (cocaine residue on scales found in defendant's bedroom sufficient to support possession conviction).

[4] OCGA § 16-1-7 (a) (1).

[5] OCGA § 16-1-6 (1). See also *Corbitt v. State*, 169 Ga. App. 739, 740 (1) (315 SE2d 25) (1984) (possession of drug paraphernalia not included in sale of drugs as a matter of law nor in fact where the two offenses did not arise out of the same conduct).

[6] See generally *State v. Estevez*, 232 Ga. 316, 320 (1) (206 SE2d 475) (1974).

[7] See *Jones v. State*, 237 Ga. App. 847, 851 (4) (515 SE2d 841) (1999) (presence of cocaine residue on pipe, while not essential, tends to prove the "intent to use" element under OCGA § 16-13-32.2).

[8] See *Green v. State*, 240 Ga. App. 377, 382 (9) (523 SE2d 581) (1999).

DECIDED MAY 7, 2001 —
RECONSIDERATION DENIED MAY 23, 2001

*Michael R. McCarthy,* for appellant.
*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Forest L. Miles, Assistant District Attorneys,* for appellee.