## S01G0976. LANE v. THE STATE.
(559 SE2d 455)

BENHAM, Justice.

This appeal concerns the right to open and conclude closing argument in the trial of a criminal case. The right is controlled by OCGA § 17-8-71, which provides as follows: "After the evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." In *Smith v. State*, 272 Ga. 874, 878 (3) (536 SE2d 514) (2000), this Court set out standards which are to be applied in determining whether a defendant who does not introduce evidence after the State rests has nonetheless lost the right to open and conclude closing argument:

(1) If, under the guise of cross-examination, a defendant reads from the portions of a prior written statement of a witness that are not related to impeaching the witness, the defendant has effectively introduced evidence to the jury that should have been formally offered into evidence and the defendant therefore loses the right to open and close final arguments; (2) if a defendant reads only the portions of the prior written statement of a witness that are relevant to impeaching the witness, the defendant has not introduced evidence and does not lose the right to open and close; and (3) if a defendant, in impeaching a witness with a prior inconsistent statement, voluntarily introduces the statement into evidence in order to make it a part of the record, the defendant has introduced evidence and has lost the right to open and close final arguments.

In the present case, appellant Boris K. Lane and his co-

defendant[1] rested without introducing any evidence, but the trial court ruled that the defendants had waived the right to open and conclude closing argument because the co-defendant's counsel, while cross-examining a police witness, had the witness read one question and answer from his testimony at a preliminary hearing and read the oath above his signature on a police report. Lane's conviction was affirmed by the Court of Appeals (*Lane v. State*, 248 Ga. App. 470 (2) (545 SE2d 665) (2001)), and this Court granted Lane's petition for certiorari to consider whether the Court of Appeals erred in concluding that Lane relinquished his right to open and conclude closing argument under the standards enunciated in *Smith*, supra.

The Court of Appeals' ruling that this case is governed by the third standard articulated in *Smith* was based on the following holding: "Defense counsel had the witness read the statement into evidence, and it was made part of the record." *Lane*, supra at 472. That holding is only partly correct: defense counsel had only part of the statement read aloud, and did not ask to have it made part of the record. In *Smith*, supra, and in *Warnock v. State*, 195 Ga. App. 537 (2) (394 SE2d 382) (1990), the case cited by this Court in support of our exposition of the third standard, the defense expressly offered evidence for admission into the record. Thus, the essence of the third standard is an express voluntary introduction of a statement into evidence. Because that did not occur in this case, the third standard does not apply.

The question we must decide, therefore, is whether co-defendant's counsel's act of having the witness read from a statement and from a police report falls into *Smith*'s first standard or the second. The difference between those two standards is the relation between the evidence involved and impeachment. In the first standard, at least some of the evidence brought out on cross-examination is not related to impeachment, and the airing of the statement is deemed the functional equivalent of introducing evidence. See *Kennebrew v. State*, 267 Ga. 400 (4) (480 SE2d 1) (1996). In the second standard, what is aired relates to impeachment, and since a prior inconsistent statement need not be placed in evidence to be used in impeachment (*Duckworth v. State*, 268 Ga. 566 (1) (492 SE2d 201) (1997)), having a witness read such material is not the equivalent of introducing evidence.

Applying those considerations to the present case, we have no hesitation in holding that the reading of a question and answer from the police officer's prior testimony comes within the second standard

---

[1] Jointly tried for robbery and aggravated battery, the co-defendant was convicted of both charges and Lane was convicted of robbery.

established in *Smith*. The portion read by the officer was as follows: "Q: What description did you give of Mr. Pines? A: I really can't recall at this time." It is clear from the transcript that co-defendant's counsel was attempting to cast doubt on the officer's recollection and credibility by showing a discrepancy between his testimony at trial and his testimony at a previous hearing.

The other matter co-defendant's counsel had the officer read, the oath from a police report signed by the officer ("The undersigned being duly sworn upon his or her oath discloses and states that the foregoing is true, correct, complete and legible, to the best of his or her knowledge and belief."), is more difficult to categorize because it was not itself a matter specifically contradicted by the officer in his testimony. However, it is apparent that the point co-defendant's counsel was trying to make was that the officer was not credible because although he swore an oath that what he put on the report was true, his later testimony was not consistent with parts of the report. Thus, although the reading of the oath was not directly contradictory of trial testimony in itself, it was certainly a portion of a prior written statement of the witness that was relevant to impeaching the witness, which is the essence of the second standard enunciated in *Smith*.

We conclude from our analysis that the reading of the portion of the officer's testimony and the oath from the police report are covered by the second standard of *Smith* and, accordingly, the defense in this case did not introduce evidence and did not lose the right to open and conclude closing argument. The trial court erred in ruling otherwise, and the Court of Appeals erred in upholding that ruling. Although this Court has held such an error harmless where the evidence demands a verdict of guilty (*Scott v. State*, 243 Ga. 233 (2) (253 SE2d 698) (1979)), the evidence in the present case, though adequate to support the conviction, is not so overwhelming as to demand a guilty verdict. Accordingly, Lane is entitled to a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Jacqueline J. Herring*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Robert C. McBurney, Assistant District Attorneys*, for appellee.