## A02A1803. JONES v. THE STATE.
### (580 SE2d 278)

RUFFIN, Presiding Judge.

A jury found John Alexander Jones guilty of possessing cocaine, abandoning a controlled substance, and 11 other misdemeanor offenses involving reckless conduct, obstructing an officer, disrupting a public school, and numerous traffic violations. On appeal, Jones challenges the sufficiency of the evidence supporting his conviction for possessing cocaine.[1] He also argues that the trial court denied him his right to open and close final arguments, admitted improper impeachment evidence, and failed to merge several offenses. For reasons that follow, we affirm in part, reverse in part, and remand for a new trial on the charges for possessing cocaine and abandoning a controlled substance.

1. In reviewing Jones' challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the

---

[13] *Burk v. State,* 253 Ga. App. 272, 273-274 (2) (558 SE2d 726) (2001).
[1] Jones does not question the sufficiency of the evidence supporting his other convictions.

jury's verdict and determine whether a rational trier of fact could have found Jones guilty beyond a reasonable doubt.[2] Viewed in this manner, the evidence shows that, while on patrol on December 13, 1999, Officer John Smith spotted a car that he believed to be stolen. Smith followed the car until it stopped in front of an apartment complex. He then activated his blue police lights and approached the vehicle on foot. At that point, the driver, whom Smith identified as Jones at trial, drove away, and Smith gave chase. Jones attempted to elude Smith for several blocks before crashing into a fence near a school. Jones then got out of the car and ran toward the school.

Smith continued to chase Jones on foot. As they ran through the school, Smith saw Jones drop several items, including what appeared to be a glass cylinder or tube. After catching Jones, Smith retraced his steps and found the glass tube. A forensic chemist from the Georgia Bureau of Investigation determined that the tube, which the State alleged was a crack pipe, contained "a trace amount" of cocaine.

Jones testified and confessed to Counts 5 through 13, 15, and 16, which charged him with various traffic offenses, reckless conduct, obstructing an officer, and disrupting a public school. He also admitted that several items fell out of his jacket pocket as he ran from Officer Smith. He adamantly denied, however, that he possessed or discarded any drugs or drug smoking devices, and he asserted that he did not use drugs.

Despite these denials, the jury found Jones guilty of possessing cocaine. Given the State's evidence, particularly the testimony of Officer Smith and the forensic chemist, the jury was authorized to reach this conclusion beyond a reasonable doubt.[3] Accordingly, Jones' challenge to the sufficiency of the evidence lacks merit.

2. Nevertheless, Jones is entitled to a new trial on the charges for possessing cocaine and abandoning a controlled substance because the trial court improperly denied him the right to open and conclude final arguments. As noted above, Officer Smith testified that he saw Jones discard a "glass cylinder" or "tube." During cross-examination, Jones' counsel attempted to impeach Smith by showing that, in his initial report, which was not introduced in evidence, Smith only indicated that he saw Jones drop several "items," without giving any specific description. The trial court subsequently concluded that Jones waived his right to open and conclude closing arguments by using Smith's report for impeachment purposes.

Under OCGA § 17-8-71, a defendant who does not introduce evidence at trial has the right to "open and conclude the argument to

---

[2] See *Reddick v. State*, 249 Ga. App. 678 (1) (549 SE2d 151) (2001).
[3] See id.; *Crawford v. State*, 230 Ga. App. 568, 570 (4) (497 SE2d 45) (1998); *Williams v. State*, 195 Ga. App. 422, 423-424 (3) (394 SE2d 112) (1990).

the jury after the evidence on the part of the state is closed." This longstanding right is valuable to the accused and important to our judicial system.[4] "Its purpose is to allow defense counsel every opportunity to persuade the jury that the [S]tate has failed to prove [the defendant's] guilt beyond a reasonable doubt."[5] In *Smith v. State*,[6] our Supreme Court established standards for determining whether a defendant loses the right to open and conclude closing arguments through cross-examination with a prior statement. As explained in *Smith*:

> (1) If, under the guise of cross-examination, a defendant reads from the portions of a prior written statement of a witness that are not related to impeaching the witness, the defendant has effectively introduced evidence to the jury that should have been formally offered into evidence and the defendant therefore loses the right to open and close final arguments; (2) if a defendant reads only the portions of the prior written statement of a witness that are relevant to impeaching the witness, the defendant has not introduced evidence and does not lose the right to open and close; and (3) if a defendant, in impeaching a witness with a prior inconsistent statement, voluntarily introduces the statement into evidence in order to make it a part of the record, the defendant has introduced evidence and has lost the right to open and close final arguments.[7]

This case is governed by the second standard. Jones' counsel quoted only one word from the police report, and that quote related directly to impeaching the witness. Thus, counsel did not introduce evidence that would defeat Jones' right to open and close final arguments.[8]

Under Georgia law, harm is presumed from the denial of this important right.[9] But the presumption "is not absolute, and error in these cases . . . may be shown to be harmless."[10] When confronted with such an error, therefore, we must consider whether the evidence

---

[4] See *Givens v. State*, 264 Ga. 522, 523 (1) (448 SE2d 687) (1994); *Seyden v. State of Ga.*, 78 Ga. 105 (1886); *Hubbard v. State*, 167 Ga. App. 32, 35 (7) (305 SE2d 849) (1983).

[5] *Hubbard*, supra.

[6] 272 Ga. 874 (536 SE2d 514) (2000).

[7] Id. at 878 (3).

[8] See id.; *Lane v. State*, 274 Ga. 751, 752-753 (559 SE2d 455) (2002).

[9] See *Givens*, supra.

[10] Id.

against the defendant is so overwhelming that it *demands* a guilty verdict.[11]

The trial court's error did not harm Jones with respect to Counts 5 through 13, 15, and 16. The evidence, including Jones' admissions, demanded a guilty verdict on these misdemeanor charges. As to Jones' convictions for possessing and abandoning cocaine, however, we cannot find the error harmless.

The drug convictions rested primarily on Officer Smith's trial testimony, which, cross-examination revealed, was more detailed than his prior descriptions of the chase. As defense counsel established, Smith not only failed to reference a glass cylinder in his police report, he testified at a pre-trial hearing that he saw Jones drop "something" near the school's back door, but he did not know exactly what it was. This cross-examination raised at least some question about whether Smith actually saw Jones drop a *glass* object during the chase. And Jones adamantly denied any connection to the crack pipe, while admitting that he committed other offenses.

Although the State presented sufficient evidence to sustain Jones' convictions for possessing cocaine and abandoning a controlled substance,[12] the evidence was not overwhelming.[13] To find Jones guilty of the drug charges, the jury had to believe Officer Smith's at least slightly impeached testimony over that of Jones. The jury certainly was authorized to deem Smith more credible. Jones' version of the events, however, was not completely unbelievable. In fact, the record indicates that the jury accepted part of his testimony as true. Along with the other counts, the State indicted Jones for theft by taking a motor vehicle. Jones denied this charge at trial, and the jury acquitted him of the offense. Under these circumstances, the evidence did not demand a guilty verdict on the drug charges.

The trial court erroneously denied Jones a full opportunity to argue his case before the jury, and the error was harmful. Accordingly, we must remand this case for a new trial on the charges for possessing cocaine and abandoning a controlled substance.[14]

---

[11] See *Lane*, supra at 753; *Givens*, supra.

[12] See *Reddick*, supra; *Crawford*, supra; *Williams*, supra; OCGA § 16-13-3 ("Any person who shall abandon, in a public place, any dangerous drug, poison, or controlled substance . . . shall be guilty of a misdemeanor.").

[13] See *Whitehead v. State*, 232 Ga. App. 140, 142 (2) (499 SE2d 922) (1998) (reversing conviction where evidence "strong, but not overwhelming").

[14] See *Lane*, supra (evidence, including victim's identification of defendant as robber, see *Lane v. State*, 248 Ga. App. 470 (545 SE2d 665) (2001), was adequate to support conviction, but not so overwhelming as to demand guilty verdict); *Givens*, supra (because there was sufficient evidence for jury to seriously consider defendant's defense, trial court's erroneous denial of defendant's right to open and close arguments was not harmless); *Dasher v. State*, 233 Ga. App. 833, 835 (1) (505 SE2d 792) (1998) (error harmful because "[t]his is not a case where the evidence against [the defendant] was overwhelming or his defense incredi-

3. Jones argues that the trial court improperly allowed the State to introduce evidence of his prior conviction for possessing cocaine. We disagree.[15]

During his trial testimony, Jones denied that he smoked crack cocaine and asserted that he did not "do drugs." Given Jones' testimony, the State was authorized to impeach him with evidence of his prior conviction for possessing cocaine.[16] Thus, the trial court did not err in admitting this impeachment evidence.

4. We also find no merit in Jones' argument that the trial court should have merged his convictions for the various traffic offenses. "Offenses merge as a matter of fact . . . if one of them is established by proof of the same or less than all the facts required to prove the other."[17] In this case, the traffic offenses "were committed in different ways and proof of the elements of the offenses [is] not satisfied by introduction of the same evidence."[18] Accordingly, the offenses do not merge.[19]

5. Jones' remaining enumeration of error, alleging ineffective assistance of counsel relating to the cocaine conviction, is moot.

*Judgment affirmed in part and reversed in part. Case remanded with direction. Barnes, Phipps and Mikell, JJ., concur. Andrews, P. J., Johnson, P. J., and Adams, J., concur in part and dissent in part.*

ADAMS, Judge, concurring in part and dissenting in part.

I respectfully dissent to the majority's conclusion in Division 2 that the trial court's failure to allow Jones opening and closing argument was harmful. Rather, the evidence demanded a guilty verdict. See *Lane v. State*, 274 Ga. 751, 753 (559 SE2d 455) (2002).

At trial, Officer Smith testified that he saw Jones discard several items as he was running, and for each, Smith described the item and indicated where during the chase Jones dropped it by making a mark on a diagram of the scene. Smith testified,

> The white — white paper towel was dropped here, because I was able to run by and visually see it. As I ran, I saw it fall to the ground. As I was chasing him, he was dumping stuff

ble"); *Whitehead,* supra (error harmful because "[t]he case largely turned on the credibility of the victim, who did not see [the defendant's] face").

[15] Because this issue may arise again on retrial, we will address it here.

[16] See *King v. State*, 203 Ga. App. 287, 289 (2) (416 SE2d 842) (1992); *Sanders v. State*, 199 Ga. App. 671, 672-673 (3) (405 SE2d 727) (1991). Cf. *Moses v. State*, 190 Ga. App. 699-700 (3) (379 SE2d 819) (1989) (trial court improperly admitted evidence of defendant's prior marijuana conviction for impeachment purposes where defendant admitted that he had used marijuana in the past).

[17] (Punctuation omitted.) *Bales v. State*, 200 Ga. App. 97, 98 (2) (406 SE2d 790) (1991).

[18] *Denson v. State*, 212 Ga. App. 883, 884-885 (3) (443 SE2d 300) (1994).

[19] See id.; *Bales,* supra.

off here, but I could not tell what the items were. One was green; I believe one was pink.

Then, Smith saw Jones discard what appeared to be a glass cylinder at a point in the chase when he was "real close" to Jones. Again Smith indicated on the diagram where Jones dropped the item. Smith testified that he was as close to Jones at that point as he was to the prosecutor at trial. With regard to the tube, Smith testified, "He pulled the item out. It appeared to be a glass cylinder, tube — it was clear; you could tell it was glass — that he dropped on the ground." Shortly after he caught Jones and Jones was handcuffed, Smith retraced his steps through the school to where he saw Jones drop the glass cylinder and found it there.

The majority contends that this testimony was seriously impeached, but the record does not support that conclusion. On cross-examination, after the court gave Jones wide latitude questioning Smith, Jones was able to show that the officer had previously testified that he did not know "exactly" what the items were that Jones had discarded during his run and that in his report he indicated only that he had seen Jones discard "items." But, it is not reasonable to read this testimony to mean that Officer Smith had no idea what Jones had discarded, and that after the arrest he simply hunted for anything in the hall that he could find. Rather, Smith's pretrial and trial testimony is entirely consistent in that it shows that he *never* knew "exactly" what the item was: he only knew that it was a glass tube or cylinder and not some specific device. The earlier statements are perfectly consistent with the officer's trial testimony.

In addition, we note that flight and similar actions give rise to the inference of a consciousness of guilt. *Langlois v. Wolford*, 246 Ga. App. 209, 211 (1) (539 SE2d 565) (2000). In this case, the fact that Jones discarded items along the way raises the inference that Jones sought to conceal the nature of the discarded items. See id.

The error in this case is harmless if the evidence demands a verdict of guilty. *Lane v. State*, 274 Ga. at 753; *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979). Given the specific testimony of what Smith saw at the time that Jones actually discarded the tube, the quick recovery of the tube, and the lack of serious impeachment of the officer's testimony, I would hold that the error regarding opening and closing argument was harmless.

I am authorized to state that Presiding Judge Andrews and Presiding Judge Johnson join in this dissent.

DECIDED MARCH 21, 2003.

*Sullivan, Sturdivant & Ogletree, Harold A. Sturdivant, Michele W. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellee.