## A04A0542. WEST v. THE STATE.
(593 SE2d 874)

ANDREWS, Presiding Judge.

Lewis Avery West was charged with possession of cocaine with intent to distribute (Count 1); possession of marijuana with intent to distribute (Count 2); and possession of the controlled substances dihydrocodeinone (hydrocodone), carisoprodol, and alprazolam (Counts 3, 4, and 5). He appeals from the judgment of conviction entered on jury verdicts finding him guilty of the lesser included offense of possession of cocaine on Count 1; the lesser included offense of misdemeanor possession of marijuana on Count 2; and possession of dihydrocodeinone (hydrocodone), carisoprodol, and alprazolam as charged in Counts 3, 4, and 5. For the following reasons, we affirm in part and reverse in part.

1. Contrary to West's contention, the evidence was sufficient to support the convictions. The evidence showed that police officers who executed a "no knock" search warrant at West's apartment found bags containing crack cocaine and marijuana located in storage compartments in the armrests of West's sofa. Another bag of marijuana was found on a table next to the sofa. In West's bedroom, officers found more marijuana, some pills containing alprazolam, carisoprodol, and hydrocodone, and a crack pipe along with a razor blade commonly used to cut crack cocaine. Police also found a loaded handgun under the sink in West's bathroom. Two co-defendants who were found sitting on the sofa at West's apartment when the warrant was executed pled guilty to possession of the cocaine and marijuana and testified for the State. They testified they were there to buy marijuana from West, but claimed they had no knowledge of the drugs located in the armrest compartments of the sofa. West testified and admitted that some marijuana found in his bedroom belonged to him. Although West admitted that he smoked marijuana and crack cocaine, he denied that any of the crack cocaine in his apartment belonged to him. His defense was that, although he knew his co-defendants had some amount of crack cocaine with them, it did not belong to him, and he had no knowledge of the crack cocaine and marijuana found in the sofa armrest compartments.

On these facts, we find there was ample evidence for the jury to conclude that West was guilty beyond a reasonable doubt of possession of cocaine, marijuana, and other controlled substances. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). West admitted to possession of the marijuana found in his bedroom. As to the cocaine and other controlled substances found in his apartment, although merely finding contraband at West's apartment would not be sufficient to support a conviction if it affirmatively appeared from the evidence that persons other than West had equal opportunity to commit the crime, in this case the evidence was sufficient for the jury

to find that West had actual or constructive possession, either alone or jointly, of the cocaine and the other controlled substances in his apartment. *Anderson v. State*, 166 Ga. App. 459, 460-461 (304 SE2d 550) (1983).

2. Although the evidence was sufficient to support the guilty verdicts, we nevertheless agree with West that he is entitled to a new trial on Count 1 because the trial court erroneously denied him, over objection, the right to open and conclude closing arguments.

An accused who offers no testimony or evidence into the trial of a case, other than his own testimony, has the right to the opening and closing arguments. OCGA § 17-8-71; *Kennebrew v. State*, 267 Ga. 400, 403 (480 SE2d 1) (1996). After the defense presented West's testimony and rested, the trial court ruled that West lost the right to open and conclude the final arguments because he introduced evidence by playing the unplayed audio portion of a videotape previously admitted into evidence and played without audio by the State. The record shows that, during direct examination of a police officer, the State formally offered the videotape of the execution of the search warrant as evidence, and it was admitted into evidence by the trial court without objection. The State played the videotape during the direct examination, but without the audio portion of the videotape turned on. During cross-examination of the officer, defense counsel also played the previously admitted videotape, but with the audio turned on, and had the officer describe where the contraband was found and where the co-defendants and West were located in relation to it.

The entire videotape, both visual and audio portions, was formally offered as evidence by the State and admitted into evidence by the trial court during the direct examination. Although the State did not play the audio portion, it was still admitted into evidence and was part of the record. Accordingly, the defense did not introduce evidence when it later played the videotape with the audio turned on, but merely used evidence already admitted and made part of the record. Compare *Lane v. State*, 274 Ga. 751 (559 SE2d 455) (2002).

Because the right to open and conclude the final argument in a criminal case is an important right, harm is presumed when it is erroneously denied. *McDuffie v. Jones*, 248 Ga. 544, 547 (283 SE2d 601) (1981), overruled on other grounds, *West v. Waters*, 272 Ga. 591, 593 (533 SE2d 88) (2000). But the presumption is not absolute, and the error is considered harmless where the evidence against the defendant is so overwhelming that it demands a guilty verdict. *Lane*, 274 Ga. at 753; *Jones v. State*, 260 Ga. App. 487, 489-490 (580 SE2d 278) (2003). We find overwhelming evidence supported the guilty verdicts on Count 2 for the lesser included offense of misdemeanor possession of marijuana based on West's admission that he possessed the marijuana found in his bedroom, and on Counts 3, 4, and 5 for

possession of the controlled substances dihydrocodeinone (hydroco-done), carisoprodol, and alprazolam also found in West's bedroom. Accordingly, the convictions on Counts 2, 3, 4, and 5 are affirmed because the error was harmless. As to the conviction on Count 1 for the lesser included offense of possession of the crack cocaine found in the storage compartments in the armrests of the sofa, West showed that the co-defendants were sitting on his sofa when the officers entered his apartment to execute the warrant, and he claimed that the cocaine was placed there by the co-defendants and was in their sole possession. The evidence as to Count 1 was not so overwhelming as to demand a guilty verdict, so the error was not harmless and the conviction based on this count must be reversed. Accordingly, West is entitled to a new trial on Count 1. *Lane*, 274 Ga. at 753; *Jones*, 260 Ga. App. at 490. Because we reversed the conviction and sentence as to Count 1, we also vacate the sentences imposed on the affirmed counts and remand the case to allow the trial court to exercise its discretion to impose sentences in light of the disposition of the case in accordance with this opinion.

3. West contends the trial court erred by denying his motion in limine seeking to exclude evidence of the handgun found in his apartment during the execution of the search warrant. The record shows that the trial court made no ruling on the motion in limine prior to the State's introduction of evidence regarding the handgun, so to preserve the issue for appeal, defense counsel was required to object to the evidence when it was introduced. *McClarity v. State*, 234 Ga. App. 348, 349 (506 SE2d 392) (1998). Because defense counsel failed to object when evidence of the handgun was introduced, this issue was waived. Id. Nevertheless, even if the issue had been preserved for appellate review, there was no error. Evidence of the handgun in West's apartment was a circumstance of the arrest that was properly admitted as part of the res gestae. *Gober v. State*, 249 Ga. App. 168, 173-174 (547 SE2d 656) (2001). It follows that there is no merit to West's additional claim his trial counsel's failure to preserve this issue for appellate review prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

4. West contends his trial counsel was ineffective for failing to request a jury instruction regarding the credibility of his co-defendants' testimony in light of evidence presented by the State that they testified for the State as a result of plea agreements giving them lenient treatment. Assuming counsel was ineffective for failing to request this instruction, we find no reversible error. Trial counsel cross-examined both co-defendants on the issue of their credibility in light of the lenient treatment, and the trial court gave a general instruction to the jury on the issue of witness credibility including consideration of any interest a witness has in giving testimony. In

light of these factors and the overwhelming evidence supporting the convictions on Counts 2, 3, 4, and 5, we find there was no reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. *Strickland*, 466 U. S. 668.

5. We need not address remaining enumerations of error relating solely to the reversed conviction.

*Judgment affirmed in part and reversed in part and case remanded for retrial and resentencing. Miller and Ellington, JJ., concur.*

DECIDED JANUARY 29, 2004.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Mary E. Leonard, Assistant District Attorney*, for appellee.