## A10A1058. MORALES v. THE STATE.
### (699 SE2d 864)

MILLER, Chief Judge.

A Henry County jury convicted Alberto Juan Morales of aggravated assault (OCGA § 16-5-21 (a) (2)).[1] On appeal, Morales argues that the evidence was insufficient to support his conviction. He also contends that the trial court erred in (i) denying his motion for directed verdict of acquittal and (ii) allowing a witness's statement to police to be read to the jury after the jury began deliberations. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that on the evening of September 3, 2005, the victim and others were drinking beer and conversing on the porch of Cesar Hernandez's Henry County residence. The victim was sitting on the porch railing. According to the victim, Morales pushed him off the railing, and then walked down the stairs and over to the victim, who was lying prone, where he kicked the victim in the mouth. Hernandez testified that he saw Morales push the victim, who fell to the ground. In his statement to police, Hernandez claimed that he saw the victim and Morales arguing; that Morales pushed the victim; and that Morales kicked the victim two times in the face. When the victim was brought to the hospital, he was paralyzed from the chest down. A medical examination revealed injuries to the victim's spine, but not to his head.

---

[1] Morales was acquitted of aggravated battery.

1. Morales claims that the evidence was insufficient to support his conviction for aggravated assault. We disagree.

> Upon this Court's review of a criminal defendant's challenge to the sufficiency of the evidence supporting a conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation, punctuation and emphasis omitted.) *Robinson v. State*, 296 Ga. App. 561 (675 SE2d 298) (2009).

Aggravated assault includes an assault with "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). The indictment charged Morales with committing aggravated assault by making "an assault upon the person of [the victim] with his hands and feet, objects which when used offensively against another person are likely to result in serious bodily injury, by pushing the said [victim] from a porch and kicking him about the head." The jury was entitled to believe the victim's testimony, which showed that he was assaulted by Morales in the manner alleged in the indictment. See *Jaber v. State*, 243 Ga. App. 562, 563 (533 SE2d 767) (2000) ("[t]he testimony of a single witness is generally sufficient to establish a fact") (footnote omitted). Considering the degree of the victim's injuries, the jury was also authorized to conclude that when used offensively Morales's hands and feet were likely to inflict serious bodily injury. See *Durden v. State*, 219 Ga. App. 732, 735 (3) (466 SE2d 641) (1995) ("fists per se are not a deadly weapon within the meaning of OCGA § 16-5-21, nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc.") (citations and punctuation omitted).

Morales contends that the testimony of the State's witnesses was contradictory because Hernandez presented three different versions of events, and in two of these versions Hernandez did not actually see Morales kick the victim in the head. "Conflicts in the testimony of the witnesses, including the State's witnesses, is a matter of credibility for the jury to resolve." (Citation and punctuation omitted.) *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997). In a somewhat convoluted argument, Morales also claims that because the jury found him not guilty on the charge of aggravated battery arising from the same incident that the jury could not have found the criminal intent required to convict him of aggravated assault. We will not speculate, however, as to why the

jury found Morales not guilty of aggravated battery. See, e.g., *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986) (inconsistent verdict rule abolished in criminal cases). Further, the evidence authorized the jury to conclude that Morales intended to injure the victim. See *Sims v. State*, 296 Ga. App. 461, 463 (1) (675 SE2d 241) (2009) ("aggravated assault with an object which is likely to result in serious bodily injury does not require a specific criminal intent; rather, it requires only a general intent to injure") (punctuation omitted).

Viewed in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find Morales guilty of aggravated assault beyond a reasonable doubt. See *Jones v. State*, 294 Ga. App. 564, 566 (1) (669 SE2d 505) (2008) (notwithstanding defendant's version of events, the evidence was sufficient to support his conviction for aggravated assault by choking, punching, and kicking the victim with his hands and feet).

2. Morales claims that the trial court erred in denying his motion for a directed verdict of acquittal on the charge of aggravated assault. As a rule, "[i]t is not error for the trial court to deny the motion for a directed verdict if the evidence, when viewed in a light favorable to the prosecution, would enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt." (Citation omitted.) *Williams v. State*, 195 Ga. App. 422, 423 (1) (394 SE2d 112) (1990). See OCGA § 17-9-1 (a). Under this standard and in light of our conclusions in Division 1, supra, the trial court did not err in denying Morales's motion for a directed verdict.

3. Lastly, Morales argues that the trial court erred in allowing the jury to hear Hernandez's statement to police but not allowing the jury's request to hear Hernandez's trial testimony. We find that Morales waived this issue on appeal by failing to raise an adequate objection. "It is the rule in Georgia that objections should be made with sufficient specificity for the trial court to identify the precise basis. . . . Further, objections to irregularities must ordinarily be made at a time when they may be remedied, or they are waived." (Citation and punctuation omitted.) *Sharpe v. Dept. of Transp.*, 270 Ga. 101, 102 (505 SE2d 473) (1998).

The record shows that during deliberation the jury sent a note to the trial court asking "[m]ay we see [Hernandez's] testimony and the report he made to police? [I]n English?"[2] The trial court informed counsel that he was not inclined to have Hernandez's

---

[2] "The rule in this state is that the trial judge, in his discretion, may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation." (Citation omitted.) *Johns v. State*, 239 Ga. 681, 683-684 (2) (238 SE2d 372) (1977).

entire trial testimony read back to the jury, and he asked counsel to comment. Defense counsel raised an objection "to anything other than if you see fit to give the whole testimony, I understand that, but I wouldn't want to send out the reports of any kind." The trial court responded that "I'm not going to send the report out," but that if the jury wanted it read to them, "then I can give them that part of" their request. Morales did not renew his objection, but repeatedly responded in the affirmative as the trial court outlined its intended course. The trial court then brought the jury into the courtroom and explained that Hernandez's testimony had not been transcribed in either English or Spanish and that it would not be practical to replay the recording of his testimony. After confirming that the jury wished to hear Hernandez's statement to police, the trial court allowed the interpreter to read the statement to the jury.

On appeal, Morales contends that the trial court erred in allowing the jury to hear Hernandez's statement to police but not Hernandez's trial testimony, and he asserts that the statement was read to the jury over his timely objection. But Morales did not object to this procedure. Rather, Morales objected to the statement being "sen[t] out" with the jury. See *Fields v. State*, 266 Ga. 241, 243 (2) (466 SE2d 202) (1996) ("it is error to allow a jury to take written or recorded statements into the jury room during deliberations unless those statements are consistent with the defendant's theory of the case") (citations omitted). The trial court responded to Morales's concern by announcing it would not allow this to occur. In discussions with counsel, it also became apparent that the trial court had no intention of allowing the jury to hear only a part of Hernandez's trial testimony and so reasonably addressed defense counsel's objection to the jury hearing anything other than Hernandez's "whole testimony." If defense counsel had intended to object to the jury hearing Hernandez's statement to the police, or if he had intended to insist that the trial court agree to the jury's request to hear Hernandez's trial testimony, there was nevertheless no specific objection entered on these grounds. "Where . . . an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error." (Citation omitted.) *Boggs v. Madison County*, 240 Ga. App. 849, 852 (524 SE2d 252) (1999).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 12, 2010.

*Douglas P. Smith*, for appellant.

*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Blair D. Mahaffey, Assistant District Attorneys*, for appellee.